[No. 12470. Department Two. — January 30, 1890.]

## FREDERICK WIESE, Respondent, v. SAN FRANCISCO MUSICAL SOCIETY, Appellant.

Estoppel by Judgment — Subsequent Installments Due under By-law of Mutual Benefit Society. — Where, in an action against a mutual benefit society to recover an installment of sick-benefits, the defense was that the by-law under which plaintiff claimed was altered by a subsequent by-law, and the question litigated was whether the defendant had power to make the alteration, a judgment in favor of the plaintiff is conclusive of the want of power, and estops the defendant from maintaining the same defense in an action for installments subsequently due.

Id. — Justice's Court — Superior Court. — Above rule applied to the judgment of a superior court rendered on appeal from a justice's court.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion, and in the opinion in *Stohr* v. *San Francisco Musical Society*, *ante*, p. 557.

*W. H. L. Barnes*, for Appellant.

*O'Brien & Morrison*, for Respondent.

HAYNE, C.—This was an action to recover certain sick-benefits. The general features of the case are like those in *Stohr* v. *San Francisco Musical Society, ante,* p. 557, which is against the same defendant. After the passage of the by-law, limiting the amount of benefits and the payments in accordance therewith, the defendant refused to pay anything further; and within a few months thereafter, the plaintiff commenced an action in the justice's court to recover the installments then claimed to be due. Judgment was given in his favor, and the society appealed to the superior court, where, after a trial on the merits, a similar judgment was rendered. The court below held this judgment to estop the defendant from maintaining the defense presented here; and we think that this ruling was correct.

It affirmatively appears that the matters which are presented here were litigated and decided in the former action. There, as here, the main defense was, that the by-law of 1883 limited the amount of benefits to be paid to the plaintiff. The court decided that the defendant had no power to impose such a limitation. The only difference between the two cases is, that, by mere lapse of time and the continuance of the plaintiff's sickness, new installments have become due. It is quite true, as stated by Chief Justice de Grey in the *Duchess of Kingston's Case,* that a judgment is not conclusive " of any matter to be inferred by argument from the judgment." But here the invalidity of the by-law was the ultimate point involved, and it was actually litigated, which circumstance distinguishes the case from *Cromwell* v. *County of Sac,* 94 U. S. 351, cited for the appellant. The preponderance of authority is in favor of the respondent's position that, in such a case, the judgment is conclusive in an action for subsequent installments. (*Robinson* v. *Howard,* 5 Cal. 428; *Love* v. *Waltz,* 7 Cal. 250; *Outram* v. *Morewood,* 3 East, 346; *Aurora City* v. *West,* 7 Wall. 96; *Bissell* v. *Spring Valley Township,* 124 U. S.

225; *Smith* v. *Ontario,* 18 Blatchf. 454; *Laird* v. *Soto,* 32
Fed. Rep. 652; *Oregonian Co.* v. *Oregon Co.,* 27 Fed. Rep.
278; *Kennedy* v. *McCarthy,* 73 Ga. 346; *Cleveland* v. *Crev-
iston,* 93 Ind. 31; 47 Am. Rep. 367; *Furneaux* v. *National
Bank,* 39 Kan. 144; *Gardner* v. *Buckbee,* 3 Cow. 120; 15
Am. Dec. 256; *Doty* v. *Brown,* 4 N. Y. 71; 53 Am. Dec.
350; *Bouchard* v. *Diaz,* 1 Denio, 238.)

The fact that the former case was commenced in the
justice's court makes no difference. · That court had
jurisdiction; and when a court which has jurisdiction
renders a valid judgment, such judgment is as binding
as any other. But however this may be, the case was
retried on its merits in the superior court, and the judg-
ment relied upon was entered there, and is a judgment
of that court.

We therefore advise that the judgment and order ap-
pealed from be affirmed.

VANCLIEF, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing
opinion, the judgment and order appealed from are
affirmed.