[L. A. Nos. 53 and 70.     Department Two.—April 7, 1897.]

F. C. REED, APPELLANT AND RESPONDENT, v. JOHN CROSS, RESPONDENT AND APPELLANT.

116   473
d129 669

RES ADJUDICATA—CONCLUSIVENESS OF FACTS ESTABLISHED BY JUDGMENT —INCIDENTAL INQUIRY.—A judgment or decree necessarily affirming the existence of any fact, is conclusive upon the parties or their privies whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court, except on appeal, or other proceeding provided for its revision.

ID.—ACTION FOR MONEY PAID—RIGHT OF CONTRIBUTION—DEFENSE OF FRAUD — ESTOPPEL — FORMER JUDGMENT.— In an action to recover money paid by plaintiff for the benefit of defendant, in satisfaction of a note secured by mortgage given upon a joint purchase of land by plaintiff and defendant, where it appears that plaintiff's right to recover contribution from the defendant for other payments made upon the same mortgage had been established by a judgment rendered in his favor upon a counterclaim in a former action, and that in the same action, a charge of fraud in the purchase, and in the execution of the mortgage, was put in issue, and found against the party pleading it, the judgment in the former action is conclusive of plaintiff's right to recover in the second action, and against the defense of fraud in the same respects interposed in the second action.

ID.— ADDITIONAL EVIDENCE OF FRAUD.— Where additional evidence of fraud might have been introduced under amended pleadings in the former action, or presented as ground for new trial therein, based upon newly discovered evidence, the whole question of fraud must be deemed to have been litigated and determined in the former action, and the additional evidence cannot be urged as new ground of defense in the second action.

ID.— FINDINGS — EVIDENCE. — FORMER JUDGMENT — PRESUMPTION UPON APPEAL.—Where an appeal is taken upon the judgment-roll, without

a bill of exceptions, it must be presumed upon such appeal that the evidence of a former judgment, which is referred to in the findings, and which is made the basis of a decision against the appellant, upon the ground of the bar of the former judgment, was sufficient to support the findings, and to make the former judgment a bar to the claim of the appellant.

CROSS APPEALS by the plaintiff and defendant from a judgment of the Superior Court of San Luis Obispo County. J. W. McKINLEY, Judge.

*W. H. Spencer, William J. Variel*, and *William H. Davis*, for Plaintiff.

*Hughes & Garrison*, and *Anderson & Anderson*, for Defendant.

SEARLS, C.—In this case a judgment was entered in the court below by which it was adjudged: 1. That plaintiff was not entitled to take anything upon the cause of action set forth in his complaint; 2. That defendant, John Cross, do have and recover nothing of and from F. C. Reed, upon the said defendant's cross-complaint; 3. That defendant recover his costs, amounting to the sum of $19.95.

Plaintiff appeals from so much of the judgment as denies his right of recovery against the defendant, and awards costs against him. His appeal is supported by a bill of exceptions.

The defendant also prosecutes a separate appeal (No. 70) from so much of the same judgment as denies his right of recovery upon his cross-complaint, and his appeal comes upon the same judgment-roll, in a separate record, without any bill of exceptions.

As the facts, except as to the bill of exceptions, are precisely alike in the two cases, it will facilitate progress and avoid useless repetition of facts by considering this case and No. 70 together. We accordingly pursue that course.

The action was brought to recover $1,903.60, together with interest thereon from July 25, 1891, for one-half of the money alleged to have been paid out by plaintiff

for the benefit of defendant, in a joint enterprise in which plaintiff and defendant were engaged, in which some eighty acres of land were purchased in San Luis Obispo county in 1887, for the sum of $23,700.

Defendant answered, denying most of the allegations of the complaint; set up fraud in the transaction on the part of plaintiff; pleaded the statute of limitations (section 339 and the first paragraph of section 342 of the Code of Civil Procedure) in bar of the cause of action.

Defendant also pleaded the bar of a judgment for the same cause of action in a former action in which the defendant herein was plaintiff and the plaintiff herein was defendant, instituted in the county of San Luis Obispo, in which action the plaintiff here had judgment for $677 and costs against the defendants here.

Defendant also filed a cross-complaint in an action to recover back from the plaintiff $8,000, paid by him on account of the investment mentioned in the complaint, on the ground of fraud practiced by said plaintiff in the transaction, setting out in apt terms the facts constituting the alleged fraud.

Plaintiff answered the cross-complaint of defendant, denying most of its allegations. He also sets up in bar of the cause of action set out in defendant's cross-complaint an action brought by said defendant against him in the county of San Luis Obispo to recover the same sum of $8,000 here sought to be recovered by defendant; that plaintiff here, who was defendant there, interposed a counterclaim against the plaintiff there and defendant here, and that upon the issues made a trial was had and judgment rendered against the plaintiff in that suit, and in favor of the defendant therein, on his counterclaim for $677 and costs, which judgment was thereafter, upon appeal of said plaintiff John Cross to this court, duly affirmed. (See No. 14522, decided in 1892, affirming judgment and order, and not reported, 29 Pac. Rep. 244.) The cause was tried by the court without the intervention of a jury. It seems necessary to set forth the findings in full. They are as follows:

"FINDINGS.

" This cause came on for hearing before the court sitting without a jury, the same having been waived by the parties; Messrs. Variel & Davis appearing for plaintiff, and Anderson & Anderson and Hughes & Garrison appearing for defendant; and the court having heard the evidence and argument of counsel, and the cause being submitted, now finds as follows:

"1. That in April, 1887, plaintiff and defendant entered into an agreement whereby they were to purchase from one W. L. Beebee eighty acres of land situate in San Luis Obispo county, California, at and for the sum of $24,000, each to pay the one-half of such purchase price and to acquire an undivided one-half interest in said land. That in pursuance of such agreement plaintiff and defendant, on May 3, 1887, purchased of said Beebee said land, each acquiring an undivided one-half interest therein, for the sum of $23,700, defendant then paying of said purchase price $8,000 and plaintiff then paying of said purchase price $7,700, and by agreement between plaintiff and defendant said Beebee conveyed said land to plaintiff only, and plaintiff borrowed of the Bank of San Luis Obispo $8,000, executing to said bank his note therefor, and a mortgage upon said land, to secure its payment, and with said $8,000 so borrowed plaintiff paid to said Beebee the remainder of said sum of $23,700, the purchase price of said land. That thereafter, and on May 3, 1894, plaintiff conveyed to defendant an undivided one-half interest in and to said land subject to said mortgage. That thereafter plaintiff and defendant paid to said bank a part of said mortgage, and on July 25, 1891, there remained unpaid of the said mortgage debt the sum of $3,807.21, plaintiff having up to that time paid upon said debt $300 more than defendant had paid thereon. That on July 25, 1891, plaintiff paid to said bank the remainder of said mortgage debt, to wit, the sum of $3,807.21, no part of which has ever been repaid to him.

2. "That for some years prior to the times in the

complaint referred to, the plaintiff and defendant had sustained toward each other confidential and friendly relations, and had frequently engaged in joint ventures and speculations.

"That during the months of April and May, 1887, the plaintiff invited and requested defendant to enter into a joint speculation with him, and offered to invest money for defendant in joint purchases with plaintiff.

"That defendant consented to unite with plaintiff in the purchase of a certain tract of sixty acres of land in the corporate limits of San Luis Obispo, for the sum of eighteen thousand dollars, and authorized plaintiff to draw on him for the amount necessary to pay for the interest of defendant so purchased jointly with the plaintiff.

"And on the fourteenth day of April, 1887, the plaintiff wrote and notified defendant that he had purchased said tract of land, and had drawn on defendant for ten thousand dollars to pay for defendant's interest in such investment. That the defendant paid said draft upon presentation, relying entirely upon statements made by plaintiff that said land so to be purchased jointly with defendant was said sixty-acre tract within the corporate limits of San Luis Obispo for a total price of $18,000 as then represented, and that said sum of $10,000 should fully pay for such interest of defendant therein. That thereafter, on the twenty-seventh day of April, 1887, defendant went to the city of San Luis Obispo, and there met plaintiff, who showed him the land which plaintiff represented that he had purchased for $24,000, and had paid thereon the sum of $16,000, $10,000 of which was paid with the money of defendant. That defendant was dissatisfied with said purchase, and claimed to plaintiff that the purchase was not one such as had been represented when the draft of $10,000 was paid, and demanded that plaintiff pay back to him the money which he had obtained by draft on him as aforesaid.

3. "That plaintiff then represented to defendant that

he had no money, but did not promise to take the entire interest or any interest in this transaction, or any interest, off his hands, or to pay him back any amount which had been drawn by him. That plaintiff thereupon gave defendant his note for $2,000, which has been paid, but defendant did not hold the title to an undivided one-half interest thereafter conveyed to him by plaintiff as security for $8,000, but held the same in fee as his own property.

"That plaintiff then fraudulently claimed that the money had already been paid on said purchase at an agreed price of $24,000, and thereby induced defendant to leave the transaction in the condition in which it then was, and the defendant believed such representations, and believed that $16,000 in cash had already been paid on such purchase, and believed that the purchase price was $24,000, as then fraudulently alleged by plaintiff, and defendant believed plaintiff's representations that the plaintiff had already paid over defendant's money, and could not then pay it back to defendant, but did not rely on plaintiff's promise to take the entire transaction off his hands, and defendant did not then at once attempt to recover the balance of said $8,000.

"That the purchase price paid for said land was $23,700, and that plaintiff, although pretending to be defendant's friend, and pretending to make a partnership or joint purchase for himself and defendant, but not for the purpose of cheating and defrauding defendant, retained said sum of $300 for his own individual use and benefit, and concealed from defendant the fact that the purchase price of said land had been reduced to $23,700, and plaintiff continually left defendant under the belief that the plaintiff had paid for said land $24,000, $16,000 of which had been paid in cash—$8,000 by plaintiff and $8,000 by defendant, whereas in fact and in truth the plaintiff had paid on his part but $7,700.

"That at the time of defendant's visit to San Luis

Obispo, on or about the 27th day of April, 1887, the money which had been obtained from defendant by the draft, as aforesaid, was then still in plaintiff's hands unexpended, and that the defendant's consent to let plaintiff have the money, after defendant had expressed his dissatisfaction with the investment and repudiated the transaction as far as he was able, was obtained by the false and fraudulent representation that the money had already been paid on the purchase.

"That thereafter, to wit: on the —— day of ———, 189 , the defendant filed suit in the Superior Court of San Luis Obispo county to recover said $8,000 from plaintiff on the ground of plaintiff's promise to take the entire interest in said transaction off defendant's hands and repay him the amount of $8,000.

"That plaintiff denied said promise, and this defendant, having no preponderance of evidence, failed to recover the said $8,000, or any part thereof.

"That said action was tried in the superior court of San Luis Obispo county on the 16th and 19th day of March, 1891, and at said trial defendant learned for the first time that at the time of his visit to San Luis Obispo the money advanced by him was still in plaintiff's hands, and at the time of said trial the defendant first learned that the purchase price of said land was $300 less than his confidential friend and would-be partner had represented.

"That the defendant repudiated the transaction in toto and offered to reconvey to plaintiff all interest he might have in said land upon the payment by him of the amount he had advanced. That defendant's interest therein was foreclosed, and the equity of redemption was worth much less than the mortgage debt thereon.

"That on the —— day of March, 1891, said land was sold, and at said sale bought in by the mortgagee and a deficiency judgment docketed against the plaintiff herein on his promise to pay said mortgage debt.

"That said land was never redeemed by any one from said sale, and defendant's interest therein was, at

all times after he learned of the fraudulent acts and representations of the plaintiff in the answer set forth, totally and absolutely worthless.

"That upon the discovery of the fraudulent representations and acts of plaintiff in this transaction, how plaintiff had falsely represented to him that the money had already been paid on said purchase when the defendant first repudiated the transaction and demanded that his money be repaid, and how plaintiff had falsely represented and concealed the true cost of the land from defendant, but not with the aim of cheating and defrauding defendant, to the extent of the difference between the price represented and the true price paid, the defendant withdrew from all connection with said purchase, repudiated his ownership of any part of said land, or of any interest therein, refused to be interested with plaintiff in this or any other transaction, and rescinded any and all agreements for partnership or joint ventures, and in particular rescinded and repudiated any agreement which might be thought or construed to involve this defendant in any liability for the payment of any part of the mortgage debt referred to in the complaint.

"4. That at the time of the meeting of plaintiff and defendant in the city of San Luis Obispo, as aforesaid, plaintiff and defendant visited and examined said land together, and after some talk between them with reference to the purchase of said land plaintiff and defendant agreed that they would buy said land together; that each should own an undivided one-half thereof, and that each should contribute equally with the other in paying the purchase money and all the interest thereon; that plaintiff and defendant further agreed that they would pay for said land to William L. Beebee, the owner thereof, $24,000, and pay the same as follows: the plaintiff to pay the sum of $8,000, the defendant to pay the sum of $8,000, and that plaintiff Reed would, for the use of both plaintiff and defendant, borrow from the bank of San Luis Obispo, upon a mortgage upon

said land, the remaining $8,000, so as to pay said Bee-
bee in cash all of said purchase price of $24,000. That
on May 3d, 1887, plaintiff and defendant purchased
from said Beebee the said land, each acquiring an un-
divided one-half interest therein, at and for the sum of
$23,700, of which purchase price plaintiff paid $7,700,
defendant paid $8,000, and the remaining $8,000 was
paid to said Beebee by borrowing upon a mortgage upon
said land $8,000 from said bank of San Luis Obispo.
That for convenience of said parties, when said pur-
chase was made, said Beebee conveyed said land to
plaintiff only, and that thereupon plaintiff executed to
said bank the note and mortgage mentioned and re-
ferred to in the complaint herein, and that thereafter,
and on May 3, 1887, plaintiff executed his deed to de-
fendant, thereby conveying to defendant an undivided
one-half interest in said land. That there was no other
or further arrangement or agreements between plaintiff
and defendant with reference to the purchase of said
land.

"5. That in said action above referred to, issue was
joined and the trial had upon the answer to the third
amended complaint and a supplemental complaint there-
to. That in said answer a counterclaim was set up. That
said action was tried by the judge of the superior court
of San Luis Obispo county, without a jury. That said
court found and decided in said action that none of the
allegations of fraud in said complaint were true; that
the allegations of defendant's counterclaim were true,
that plaintiff there, defendant here, recover nothing by
his said action, and that the defendant there, plaintiff
here, recover of and from plaintiff there, defendant
here, the sum of $677, together with his costs. That
judgment for said amount and costs, amounting to
$16.75, was entered accordingly against plaintiff there,
defendant here.

"That thereafter said John Cross appealed to the su-
preme court of the State of California from said judg-
ment, and that said supreme court thereafter affirmed

said decision of said superior court of San Luis Obispo county.

"That when plaintiff and defendant first met in the city of San Luis Obispo, as hereinbefore stated, he told defendant that the purchase price of said land was $24,000, and not $23,700, the actual purchase price of said land. That the $300 difference between the intended purchase price and the actual purchase price was not fraudulently appropriated and kept by plaintiff, nor was it ever used by plaintiff for his own use and benefit, but was used for the benefit of the partnership venture, to wit, used in the payment of interest upon said note and mortgage. That on March 13, 1889, he paid as interest upon said note and mortgage the sum of $1,528.12 —the $300 above referred to, the partnership money, and the sum of $1,228.12 of his own private funds.

"6. That plaintiff's cause of action is not barred by the first paragraph of section 339 of the Code of Civil Procedure of the State of California.

"7. That plaintiff's cause of action is not barred by the first paragraph of section 342 of the Code of Civil Procedure of the State of California.

"8. That on the 21st day of March, 1891, at the city of San Luis Obispo, state of California, in an action there pending in the superior court of San Luis Obispo, state of California, between John Cross, plaintiff, and F. C. Reed, defendant, for the recovery of the same eight thousand dollars sought to be recovered by defendant in his cross-complaint herein, judgment was duly given and made by which the plaintiff in this suit recovered from the defendant herein the sum of six hundred and seventy-seven dollars and costs; but that said action was not for the same cause of action as set forth in the complaint herein.

"Wherefore, as a conclusion of law, the court finds that plaintiff is not entitled to take anything upon the cause of action set forth in his complaint herein, and that defendant is not entitled to take anything upon the cause of action set forth in his cross-complaint herein,

and that defendant is entitled to recover his costs herein."

The appellant correctly says that "the principal question, and perhaps the only question, raised on this appeal is whether the judgment in the case of *Cross* v. *Reed* is a bar or estoppel against the defense made by the defendant."

The court did find that the former action was not a bar to plaintiff's cause of action herein. In the case at bar the defense is that the contract made between plaintiff Reed and defendant Cross for the purchase of the Beebee land, under which said land was purchased, was fraudulently procured by Reed.

The findings of the court in this case sustain the defense of fraud, and hence the judgment against plaintiff.

The point is this: Was the defendant here estopped from making the defense of fraud by the judgment in a former action between the same parties?

Turning to the bill of exceptions where the judgment-roll of *Cross* v. *Reed*, which was in evidence in this case, is set out, and we find that the former action was brought by Cross to recover from Reed $8,000, paid on the contract for the purchase of the Beebe land, upon the ground of fraud on the part of said Reed.

It is averred that the alleged contract price of the land was $24,000, while in fact it was $23,700; that defendant had converted the $300 to his own use; had without the knowledge or consent of plaintiff given a mortgage on the land for $8,000, etc. The complaint admits the conveyance to plaintiff of a deed for the undivided one-half of the land, and tenders a reconveyance thereof to defendant.

Defendant answered, denying all the allegations of fraud, and by way of counterclaim set up that he had paid on account of the mortgage the sum of $1,528.12, for one-half of which, less $300, viz, $614.06, he asks judgment.

In a supplemental complaint plaintiff alleged that

the mortgage had been foreclosed and an order of sale of the land had been decreed. That cause was tried March 19, 1891.

The findings are in substance that the parties agreed to purchase the land for $24,000, each to pay $8,000, and to borrow on note and mortgage $8,000 to make up the purchase price; that defendant afterward procured the land for $300 less than the supposed price, took a deed to himself, executed a note and mortgage for $8,000, and conveyed one-half to plaintiff subject to the mortgage, and afterward paid the $300 on account of interest. The court finds that all the allegations of the counterclaim are true, and that none of the allegations of fraud are true.

Thereupon judgment was entered against plaintiff upon his demand and in favor of defendant on his counter-claim for $677 and costs. Since that action was tried the mortgaged property has been sold, leaving a deficiency of $3,807.21, which was paid by the plaintiff Reed, and this action is brought to recover one-half thereof, viz, $1,903.60.

" There is no doubt that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, whenever the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision." (Freeman on Judgments, sec. 249, and cases there cited; *Gray* v. *Dougherty*, 25 Cal. 272; *Caperton* v. *Schmidt*, 26 Cal. 493; *Garwood* v. *Garwood*, 29 Cal. 521; *Woolverton* v. *Baker*, 98 Cal. 628.) The case of *Wiese* v. *San Francisco Musical Soc.*, 82 Cal. 645, is, in most respects, similar to the case at bar. In that case plaintiff had sued in justice court to recover sick benefits. Defendant set up as a defense a by-law under which benefits were limited to six months, and showing the payment thereof for said period.

Judgment was given for plaintiff upon the ground that the by-law was invalid for want of power in defendant to impose such a limitation.

By lapse of time and plaintiff's continued sickness new installments were claimed to be due, and another action was brought to recover them, and it was held that the former judgment was conclusive in the action for subsequent installments, and estopped the defendant from a defense upholding the by-law.

Applying the principle of *Wiese* v. *San Francisco Musical Soc.*, *supra*, to this case, and we find that in the former action the right of plaintiff to recover by way of contribution from defendant for what he had then paid out on the note secured by mortgage was a sharply defined issue in the case.

Plaintiff attacked the giving the note and mortgage by the defendant there, the plaintiff here, as being without authority, and fraudulent.

The findings were in favor of the plaintiff here, and judgment went accordingly.

The judgment estops the defendant here from interposing the same defense a second time, and plaintiff, having shown in this case that he had subsequently paid a further sum on the same obligation, he was entitled to judgment therefor.

We recommend that the portion of the judgment appealed from by plaintiff be reversed.

2. The appeal of defendant Cross from that portion of the judgment denying his recovery of $8,000 claimed in his cross-complaint comes up on the judgment-roll, without any bill of exceptions.  (This appeal is No. 70.)

The only point made for reversal is that the court below erred in holding upon the findings that the judgment of the court in San Luis Obispo was a bar to the recovery by defendant Cross in this case.

Taken together, the findings in this case show that the sum of $8,000, sought to be recovered by plaintiff in his cross-complaint here, is the same $8,000 which,

as plaintiff, said Cross sought to recover in the San Luis case; that in the San Luis case issue was joined on the pleadings, and tried by the court: "That said court found and decided in said action that none of the allegations of fraud in said complaint were true," etc., and rendered judgment against the plaintiff Cross. This finding shows that the question of fraud on the part of Reed was litigated and determined in the former action.

It is true that the findings in this case show that Reed fraudulently represented to Cross that $16,000 of the purchase price of the land had been paid prior to his, Cross', visit to San Luis Obispo April 27, 1887, while in fact such sum had not then been paid, and was still in Reed's hands, and that he, Cross, did not learn this fact until during the trial of that case in March, 1891.

No reason is shown why this additional evidence of fraud was not introduced in evidence at the trial at which it was discovered. If the pleadings were not broad enough to include it they could have been amended; or, if too late for that, it might have afforded cause for a new trial upon the ground of newly discovered evidence.

We know from the appeal by plaintiff in the case just what the judgment-roll in the former case contained, but we may not avail ourselves of that knowledge on this appeal, for the reason that, as before stated, the appeal here does not include in the record that judgment-roll.

We think, however, it may properly be inferred from the findings in this case that the evidence necessary to sustain a judgment in favor of Cross here would have authorized a judgment in his favor in the former action.

This being so, the former judgment was a bar to the cause of action set up by Cross here.

It is true that the court found that the former action to recover the $8,000 was on the ground of plaintiff's

promise to take the entire interest in said transaction off defendant's hands and repay him the amount of $8,000. But it is equally true that the question of fraud was also made an issue in said action, and as we have seen was decided in favor of the defendant there and plaintiff here.

In the present case the court finds against the contract on the part of plaintiff to take the property off of defendant's hands. As the decision is against defendant upon the ground of the bar of the former action, and as the court below had the judgment-roll in the former action before it, we must presume it was sufficient to support the findings.

We recommend that so much of the judgment as is appealed from by the defendant here be affirmed.

BELCHER, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion so much of the judgment as is appealed from by the plaintiff F. C. Reed is reversed, and so much of the judgment as is appealed from by defendant Cross is affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.