[Sac. No. 1329.    Department One.—February 28, 1905.]

## J. P. KOEHLER, Appellant, v. HOLT MANUFACTURING COMPANY, Respondent.

JUDGMENT—ESTOPPEL AS TO MATTER IN ISSUE.—A judgment operates as an estoppel to preclude the parties or their privies from contending to the contrary as to a matter of fact, which, having been distinctly put in issue, has been found against them.

ID.—ORDER TO PAY MONEY IN INSTALLMENTS—REVOCATION—FORMER FINDING AND JUDGMENT—PLEADING AND PROOF.—Where, in a former action to recover several installments under an order for the payment of money in monthly installments, it was adjudicated that the order had been revoked and annulled, such adjudication, though not technically a bar to an action for subsequent installments upon the same order, may be pleaded and proved as an estoppel against the liability by reason of the revocation formerly adjudged.

ID.—JUDGMENT IN JUSTICE'S COURT AND UPON APPEAL—PLEADING— EFFECT OF JUDGMENT AS TO REVOCATION.—The effect of the estoppel of the former judgment upon the question of revocation of the order is not affected by the fact that the former action was in justice's court, and that the revocation was not formally pleaded in that court or upon appeal therefrom. The liberal rules of pleading in justices' courts apply equally upon appeal; and it is sufficient that the revocation was proved under a denial of indebtedness upon the instrument sued on, and was found as a fact by the superior court upon appeal.

ID.—CONCLUSIONS OF LAW—JURISDICTION—CONSTRUCTION OF PLEADINGS —COLLATERAL ATTACK.—In construing the pleadings in justices' court upon collateral attack upon the judgment, or upon the judgment upon appeal therefrom, the rule excluding conclusions of law

as no part of a pleading do not apply; and the court having juris-
diction of the action had power to construe the pleadings and
determine what facts were put in issue, and its findings and adjudi-
cation therein, even if erroneous, cannot be questioned collaterally.

APPEAL from a judgment of the Superior Court of San
Joaquin County and from an order denying a new trial.
Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

Jacobs & Flack, for Appellant.

Louttit & Middlecoff, for Respondent.

SHAW, J.—On January 15, 1901, one George E. Chapman,
upon a sufficient and valid consideration, made an order in
writing directing the defendant, out of the moneys thereafter
to become due from it to Chapman to pay to the plaintiff,
from and after the date thereof, the sum of twenty-five dollars
per month, to be applied upon the purchase price of a certain
tract of land theretofore purchased of said Koehler by Kate
Chapman, who was the wife of said George E. Chapman, and
from whom she was living separate and apart. The defend-
ants on the same day accepted the order, in writing. There-
after, until January 1, 1902, the defendant paid the sums
specified in the order in accordance therewith. On January
25, 1902, Chapman executed an instrument purporting to
revoke, annul, and cancel the said order, and served it upon
the defendant, directing it to make no further payments under
the order. The present suit is to recover the sum of three
hundred and twenty-five dollars, alleged to be due under the
terms of the order for the thirteen months beginning May 1,
1902, and ending June 1, 1903. The defendant answered,
the court made its findings and entered judgment in favor of
the defendant, and the plaintiff appeals from the judgment
and also from an order denying his motion for a new trial.
The answer, among other things, alleged that theretofore, on
May 26, 1902, the plaintiff began an action in a justice's
court to recover the amounts due under the order for the
months of January, February, March, and April of 1902;
that thereafter such proceedings were had that the defend-
ant appeared in said action and judgment was duly given in

said justice's court in favor of the defendant; that plaintiff appealed therefrom to the superior court of the county of San Joaquin, and that in the superior court judgment was duly given in favor of the defendant, to the effect that the defendant was not and is not liable on account of the contracts set forth in the complaint in this action, and that the acceptance of the order set forth in the complaint in this action had been abrogated and annulled. The facts concerning the former adjudication are found by the court as alleged in the answer.

We are of the opinion that the plaintiff is estopped by the former judgment. It is true it was not rendered in a suit to recover the same installments that are involved in this action, and, consequently, it is not technically a bar to the present action. But it appears by the record in the former action that it was a suit to recover the amounts due under the terms of the same accepted order for the four months previous to the time here involved; that in defense the defendant relied upon the same revocation of January 25, 1902, upon which he relies in the case at bar; that the validity and effect of that revocation was litigated and submitted to the court in that action, and that the court decided that it was valid; that its effect was to abrogate and annul the defendant's acceptance of the order and put an end to its liability thereon, and rendered judgment accordingly.

The case comes clearly within the principle that a judgment operates as an estoppel to preclude the "parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, has been, on such issue joined, solemnly found against them." (*Outram* v. *Morewood,* 3 East, 346; *Cromwell* v. *County of Sac,* 94 U. S. 353; *Wiese* v. *San Francisco Mus. Soc.,* 82 Cal. 645; *Freeman* v. *Barnum,* 131 Cal. 389.[1]) If in the former suit the defense had been based exclusively on some other point than the effect of the revocation to terminate its liability, as, for instance, on the claim that the installments there sued for had been paid, there would be no bar, for the present suit is for different installments; and it would not have constituted an estoppel, for a decision that those installments had been paid would not affect the right to recover other in-

[1] 82 Am. St. Rep. 355.

stallments. But the point involved and decided was the effect of the revocation upon the liability of the defendant, which is precisely the point involved in the defense to the present action; and as it was solemnly decreed and adjudged against plaintiff in that action, he is now precluded from contending to the contrary of what was there decided.

The effect of the estoppel is not changed by the circumstance that the former action originated before a justice of the peace, and that the judgment relied on was given by the superior court on appeal. (*Wiese* v. *San Francisco Mus. Soc.*, 82 Cal. 645.)

The objection that the validity of the revocation was not put in issue in the former suit is not tenable. There was, it is true, no formal answer setting up the revocation such as might be considered necessary in a suit begun in the superior court. But the pleadings in justices' courts are not required to be in any particular form, and when the case comes before the superior court on appeal their effect and sufficiency are to be judged by the same standards as when it is before the justice of the peace. In construing them, when they come under consideration collaterally as in the present case, the rule excluding conclusions of law as no proper part of a pleading does not apply. Indeed, it may be doubted if, for the purpose of exhibiting the contentions of the respective parties in cases in a justice's court, conclusions either of law or fact are not always to be given full effect in any subsequent review of the proceedings. The complaint in the former case alleged that "there is now due, owing, and unpaid from said defendant to plaintiff for said months" . . . "under said written instrument the sum of $100," and this allegation was denied. This appears sufficient to raise the issue. If the order had previously been revoked and annulled there would not be any sum due or owing as alleged, and hence, under the liberal rule allowed in justices' courts, the defendant upon this issue could prove a revocation of the order.

Furthermore, it must be conceded that the court having jurisdiction of such an action has power to determine what facts are put in issue by the pleadings, where they are ambiguously or imperfectly stated, and, having such power, it may make an erroneous decision of the question, and such decision cannot be questioned collaterally. There can be no doubt as

to the action of the superior court in the present instance. In the judgment rendered upon the appeal it made special findings in which the order, the acceptance, and the revocation are set out in full, and as a conclusion of law it decided that the acceptance of the order was annulled and abrogated by the revocation. It did in fact in that case adjudge the very point here in issue, and the plaintiff is thereby estopped.

The estoppel was properly pleaded, the court found the facts upon sufficient evidence, and rightfully gave judgment in favor of the defendant. This issue is conclusive of the case, and it is unnecessary for us to consider the other points here presented.

The judgment and order are affirmed.

Angellotti, J., and Van Dyke, J., concurred.