[Civ. No. 1212.    Second Appellate District.—October 21, 1912.]

## C. B. WILLIAMS, Respondent, v. RALPH S. HAWKINS et al., Defendants; CHARLES H. EAGER, Appellant.

APPEAL—ALTERNATIVE METHOD—DUTY OF ATTORNEYS TO PRESENT CASE —FAILURE—SUFFICIENCY OF EVIDENCE NOT REVIEWED.—Where an appeal is taken under the alternative method provided in section 953a of the Code of Civil Procedure, no printed transcript of the record is provided for; but it is the duty of the attorneys to present in their briefs, or a supplement thereto, such portions of the record as they may rely upon to call to the attention of the court; and where the appellant wholly neglects that duty, the sufficiency of the evidence to support a finding will not be reviewed upon appeal.

COMPLAINT UPON ASSIGNED LEASE—CAUSE OF ACTION—ASSUMPTION OF LEASE BY ASSOCIATES—ACCEPTANCE AS LESSEES BY LESSOR—CONSIDERATION.—Where, as one transaction, the lessee assigned the lease to one party, and such party and his associate jointly accepted the obligations of the lease, and the lessor accepted the lessee and his associate as the lessees in the lease, the assignment of the lease and the acceptance of the assignee as lessee, constituted a sufficient consideration for the promises implied in the assumption of responsibility by the associate from the date of the assignment. A complaint by the assignee of the lessor, against both accepted assignees of the lease, states a cause of action against both of them, and a general demurrer thereto was properly overruled.

ID.—TRIAL IN LOS ANGELES COUNTY BY ASSIGNED JUDGE OF MADERA COUNTY.—Where a majority of the judges of the superior court of Los Angeles County joined in making an order for the holding of an extra session of said court and in a request that the same be presided over by the judge of the superior court of Madera County, their joint action was a sufficient compliance with section 8 of article VI of the constitution providing that "a judge of any superior court may hold a superior court in any county, at the request of a judge of the superior court thereof," and authorized the judge called in to hear and determine a particular case assigned for trial before him.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Wm. Crawford, for Appellant.

20 Cal. App.—11

John C. Stick, for Respondent.

SHAW, J.—Action to recover a sum of money alleged to be due as rental under the terms of a lease.

Plaintiff sues as assignee of the lessor of the property, and it is alleged in the complaint and so found that Hawkins and Eager, the defendants, are assignees of the original lessee.

Judgment went for plaintiff, from which and an order denying his motion for a new trial defendant Eager appeals.

The appeal is presented upon a record prepared and certified in accordance with the provisions of section 953a of the Code of Civil Procedure, designated as the alternative plan of appeal. Under this section no printed transcript of the record is required. "In filing briefs on said appeal the parties must, however, print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court." (Code Civ. Proc., sec. 953c.) No attempt whatever is made by appellant to comply with this provision, and the meager references to the evidence, such as "Rep's trans., pp. 41-45, lines 13 to 6," made in his brief are unintelligible. It is the duty of attorneys who choose this method of appeal to comply with the provisions of the act governing the presentation of cases thereunder, and where they wholly fail to so comply, this court will not assume the labor of examining the entire record for the purpose of ascertaining whether or not the evidence supports a finding attacked for want of sufficiency of evidence.

It is claimed that the court erred in overruling a general demurrer interposed to the complaint. There was attached to the complaint as a part thereof a copy of the lease. The instruments indorsed thereon, and upon which the judgment rendered against appellant is founded, are as follows:

"Los Angeles, Cal., Oct. 9, 1908.

"For valuable consideration, I hereby transfer and set over all my right, title and interest in and to the within lease, to Ralph S. Hawkins.                    DAVID DEMUNBRUN."

"Los Angeles, Cal., Oct. 9, 1908.

"I hereby agree to assume the within lease assigned to me by the lessee and all responsibility thereunder from date.

RALPH S. HAWKINS,
CHARLES H. EAGER."

"Los Angeles, Cal., Oct. 9, 1908.

"I hereby accept Ralph S. Hawkins and Charles H. Eager as the lessees in the within lease.         C. M. STRAUB."

These papers were all executed at the same time and constituted one transaction, whereby the assignment of the lease by DeMunbrun to Hawkins was assented to by C. M. Straub, the lessor, in consideration of both Hawkins and Eager assuming the covenants therein contained. Not only the assignment of the lease, but the acceptance of the assignee as lessee, constituted a consideration for the promises implied by appellant in assuming all responsibility upon the lease from the date of such assignment. There was no error in the ruling upon the demurrer.

It appears that a majority of the judges of the superior court of Los Angeles County joined in the making of an order providing for an extra session of said court, and likewise joined in a request to the Hon. William M. Conley, judge of the superior court of Madera County, asking him to preside over the same. The case was duly assigned for trial to the department of the court so in obedience to such request presided over by Judge Conley. At the commencement of the trial, appellant's attorney objected to the introduction of any evidence, upon the ground that neither section 67b of the Code of Civil Procedure, nor section 8 of article VI of the constitution, as amended, authorized a majority of the judges to request a judge of the superior court of another county to hold a superior court in Los Angeles County. "My position," stated counsel, "is that only one judge can require another judge to sit, and that the majority of judges cannot." Granting the point can be raised in the manner here presented, as to which we express grave doubts, there is no merit in appellant's contention. Section 8 of article VI of the constitution provides that "A judge of any superior court may hold a superior court in any county, at the request of a judge of the superior court thereof"; and further provides: "There may be as many sessions of a superior court at the same time as there are judges thereof, *including any judge or judges acting upon request.*" Since the greater contains the less (Civ. Code, sec. 3536), the request here made by seven of the judges would necessarily constitute a request made by one judge.

The appeal is without merit, and the judgment and order are affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20. 1912.