[Civ. No. 2095. Second Appellate District.—June 16, 1917.]

## C. B. WILLIAMS, Respondent, v. RALPH S. HAWKINS et al., Defendants; CAROLINE B. EAGER, as Executrix, etc., Appellant.

LANDLORD AND TENANT—ABANDONMENT OF LEASED PREMISES—RELETTING BY LANDLORD—DAMAGES.—Where a tenant abandons leased property, the owner may relet the same for his benefit and recover as damages the difference between the amount received by subletting and the amount agreed to be paid.

ID.—ACTION FOR DAMAGES—SUFFICIENCY OF COMPLAINT.—In an action to recover the difference between the rent agreed to be paid under a lease and the amounts which the lessor received by subletting, the complaint sufficiently states a cause of action where it is alleged that the defendants abandoned the premises, neglected to pay any further rent, and that the lessor thereupon gave them notice that he would not release them from the lease, and if they did not reoccupy the premises within a reasonable time, he would sublet the same for them, crediting on the lease the amounts received from such subletting, followed by the allegation showing the names of the persons to whom the premises had been sublet with the amounts paid by each.

ID.—PRIOR JUDGMENT—CONCLUSIVE UPON PRESENT ACTION.—A judgment in a prior action between the same parties, the same subject matter being relied upon for recovery, except as to the months of the lease term, is conclusive upon the parties to the present action.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. John W. Shenk, Judge.

The facts are stated in the opinion of the court.

Wm. Crawford, for Appellant.

John C. Stick, for Respondent.

JAMES, J.—Appeal by defendant Eager from an order denying his motion for a new trial after adverse judgment had been rendered.

The plaintiff is the assignee of one Staub, who was lessor named in a lease by which certain premises in the city of Los Angeles were let for a term commencing on the first day of November, 1907, and ending on the thirty-first day of December, 1911, with option given to the lessees to renew for a further period. The latter option was not taken advantage of. The lease contained this term: "It is hereby covenanted and agreed that said lessees may let or underlet the said demised premises, or assign this lease, provided the parties to whom such letting or assigning shall be made are satisfactory to said lessors." At the time of the making of the lease another party was named with Staub as lessor, but Staub afterward acquired the interest of that party. In October of 1908, the lessee then occupying the premises assigned his interest to Ralph S. Hawkins. Staub was unwilling to accept the responsibility of Hawkins on the lease and required another signer; whereupon Hawkins procured this appellant to sign with him, and the following indorsements were then made upon the lease, both indorsements being of the same date:

"I hereby agree to assume the within lease as assigned to me by the lessee and all responsibility thereunder from date.
"RALPH S. HAWKINS,
"CHARLES H. EAGER."

"I hereby accept Ralph S. Hawkins and Charles H. Eager as the lessees in the within lease.
"C. M. STAUB."

It was alleged by the plaintiff that the defendants, on or about the first day of January, 1909, abandoned the premises,

neglected to pay any further rent, and "that the said C. M. Staub thereupon notified defendants that he would not release them from said lease and that if they did not reoccupy said loft within a reasonable time, he (the said Staub) would sublet said loft for said defendants crediting said defendants on said lease with the amounts received from such subletting, the subletting being, however, subject to the re-entry of said defendants at any time within the term of the said lease." The allegation followed showing the names of the persons and firms to whom the premises had been relet by the lessor for the defendants' benefit, and in detail gave the amounts received from each. Also that by computation it appeared that there was a balance of six hundred dollars due and owing for the term of months covered by the suit, which amount represented the difference between the rent agreed to be paid and the amounts which the lessor had received by his subletting.

It is first claimed that the complaint did not state a cause of action, because, as counsel insists, the action was framed as an action solely upon the lease and not one for damages. The cases of *Bradbury* v. *Higginson,* 162 Cal. 602, [123 Pac. 797], and *Respini* v. *Porta,* 89 Cal. 464, [23 Am. St. Rep. 488, 26 Pac. 967], are cited. Those cases do establish it to be the law that where a tenant abandons leased property, the owner may relet the same for the lessee's benefit and recover as damages the difference between the amount received by subletting and the amount agreed to be paid. Had the complaint been lacking in its allegation of the facts showing precisely what had been done by and between the parties, and had the action been to recover strictly upon the lease, there might be some point to appellant's contention. But we do not think that because plaintiff failed to call the money sought to be recovered "damages," such failure was fatal to a recovery where a full statement of the facts upon which he relied was intelligibly and succinctly made in his complaint. The findings as made by the trial court cover all of the material issues, and there was some evidence, which is shown by the bill of exceptions, sufficient to support such findings. One of the particular claims made by appellant is that the evidence was insufficient to warrant a finding that appellant became responsible, as a lessee, the claim being that his responsibility was of the same nature as a guarantor. The written indorsements on the lease do not show this; neither does the evidence support that the-

ory.  Staub testified that he objected to Hawkins as an assignee of the lease, and that ''I asked a guarantor to be with him who was responsible; I said I would accept the transfer to Hawkins provided some one signed with him who was responsible; he suggested Mr. Eager and gave me his name to look up, which I did; Eager's name was brought into the conversation, because I asked for an additional assignee with Hawkins—a guarantor, or someone to join with him in the acceptance of the lease who was good; I had no conversation with Eager as guarantor for Hawkins; Hawkins took the paper and went out and brought the instrument back with Eager's signature to the acceptance of the assignment; . . . '' The mere fact that the lessor used the word ''guarantor'' in making his demand for an additional party to the lease certainly could not have the effect of changing the actual contract as made by appellant Eager and which was expressed in the writing above quoted.  The lessor, according to the evidence, had no conversation with Eager at all; he merely accepted the contract of Eager as it was produced to him.  That contract made Eager fully liable with Hawkins as a lessee. While it is claimed that there was no showing that Eager ever had possession of the premises, this appellant did not by his answer made to plaintiff's complaint deny that Hawkins had had such possession.  The possession of one of the lessees was the possession of both.

It appears that a prior action was prosecuted by this same plaintiff and against the same defendants as here, the same subject matter being relied upon for recovery, except that in the former action the amounts alleged to be due covered the months of the lease term preceding those here involved.  That cause was decided adversely to the defendants and brought on appeal to this court, where the judgment was affirmed.  (See *Williams* v. *Hawkins,* 20 Cal. App. 161, [128 Pac. 754].)  At the trial of this action the judgment-roll in the last-mentioned case was introduced in evidence as showing a former adjudication of the essential matters involved in the present suit.  On behalf of respondent it is insisted that the judgment in that action is conclusive upon this appellant as to all matters in controversy here, except as to the precise amounts now claimed.  On the other hand, appellant insists that the judgment-roll was not competent evidence and should have been refused as such by the trial court.  We are in accord

with the position taken by respondent, that the judgment in the former suit did conclude this appellant as to the question of the character and extent of his responsibility under the lease assignment. (*Wiese* v. *San Francisco Musical Society,* 82 Cal. 645, [7 L. R. A. 577, 23 Pac. 212] ; *Reed* v. *Cross,* 116 Cal. 473, [48 Pac. 491] ; *Koehler* v. *Holt Mfg. Co.,* 146 Cal. 335, [80 Pac. 73] ; *Louisville N. A. & C. Ry. Co.* v. *Carson,* 169 Ill. 247, [48 N. E. 402].) In view of this former adjudication having been made, we have perhaps given unnecessary consideration in the foregoing to some of the contentions advanced by appellant.

Respondent's counsel points to an error in the notice of appeal which we have not taken into account in what has been hereinbefore said and which, in view of the conclusions announced, is not necessary to be adverted to in much detail. The record shows that the motion for a new trial was presented and denied on June 14, 1915. The notice of appeal stated that the appeal was taken from the order of the court denying the motion for a new trial as entered on the twenty-fourth day of May, 1915. The notice of appeal, therefore, did not identify correctly the order as of the date when it appears to have been made.

The order is affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.