[L. A. No. 4044. Department Two.—July 31, 1917.]

## R. M. BAKER, Respondent, v. EILERS MUSIC COMPANY (a Corporation), Appellant.

ABATEMENT—ACTION FOR RENT—PRIOR ACTION PENDING—EVIDENCE.—Where in an action for an installment of rent under a lease, the defendant had successfully defended an action for a prior installment of rent under the same lease upon the ground of an eviction from the demised premises, and an appeal which had been taken by the plaintiff from the judgment in the first action, not having been determined, the defendant pleaded the pendency of the first action in abatement of the second, the exclusion of this judgment-roll in the first action offered on the plea in abatement was prejudicial error requiring a reversal of a judgment and order refusing a new trial.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Fred H. Taft, Judge.

The facts are stated in the opinion of the court.

Frank Bryant, for Appellant.

Lucius M. Fall, for Respondent.

HENSHAW, J.—In the present action plaintiff, as landlord, sued defendant as his tenant for the recovery of rent

CLXXV Cal.—42

due under the written lease between the parties. A previous action to recover another monthly installment of this rent had been brought, tried, and determined in favor of the defendant in the superior court of the county of Los Angeles. The defense in that action was the eviction of the defendant from a portion of the demised premises, the refusal of the landlord to restore that portion of the demised premises on demand, the rescission of defendant of the contract of lease for this reason, and its surrender of possession. That case so tried resulted in a judgment in favor of the defendant, from which judgment the plaintiff appealed. Upon appeal the judgment was affirmed. (*Baker* v. *Eilers Music Co.*, 26 Cal. App. 371, [146 Pac. 1056].) In the present action defendant pleaded in abatement the former trial and the decision of the court thereon; pleaded the judgment in its favor upon the same cause of action; the appeal from that judgment and the pendency of the appeal, and prayed an abatement, and therefore necessarily the postponement of the trial of this action on that ground. On the trial defendant offered the judgment-roll in the former action and evidence of the pendency of the appeal, and all this evidence by the court was rejected. In so rejecting it the court fell into serious and unmistakable error. Plaintiff's former action sought to impose a liability upon defendant for rent due under his written lease. The defense was nonliability owing to a rescission of the lease and a determination of the relationship of landlord and tenant. These issues lay at the foundation of every action which plaintiff could bring to recover rent. Once having had the issues litigated and determined, it was not open to him to have them redetermined in successive actions. If the judgment in the first action in which these issues were tried had become final, that judgment could be interposed as an estoppel. If the operation of the judgment was suspended by appeal, it could still be interposed in abatement of a second trial of the same issues. The argument of counsel to the effect that "while the same parties are parties plaintiff and defendant in both actions and the same lease is involved in both actions, yet this action is for a different installment of the rent and therefore the actions are not the same," is wholly specious and unsound. The cases upon which respondent relies are cases where it was sought to use a judgment the operation of which was

suspended upon appeal as a bar, which, of course, cannot be done. *Smith* v. *Smith,* 134 Cal. 117, [66 Pac. 81], contains a discussion pertinent to the matter. The varying rules in different states as to the right to introduce judgments not final are considered; the difficulties under any rule pointed out and, in discussing the method by which the fruits of a judgment on appeal might not be wholly lost to the one who has prevailed, it is said: "A much better mode to secure the benefit of the evidence, and to avoid a conclusion which may prove unjust, is to move for a continuance as suggested in *Rose* v. *Superior Court,* 65 Cal. 570, [4 Pac. 577], and *Brown* v. *Campbell,* 100 Cal. 635, [38 Am. St. Rep. 314, 35 Pac. 433]." So, too, in *Greer* v. *Greer,* 142 Cal. 525, [77 Pac. 1108], it is said: "As the former case was pending on appeal the judgment could not have been pleaded as an estoppel. The plea of action pending in its proper sense did not apply." But in this case manifestly the plea in abatement was a good one. The test of the soundness of such a plea is that the identity of the causes of action must be such that a judgment in the first could be pleaded in bar as a former adjudication, or as an estoppel. (Code Civ. Proc. 1908, subd. 2; *Taylor* v. *Castle,* 42 Cal. 371; *Montgomery* v. *Harrington,* 58 Cal. 270; *McCormick* v. *Gross,* 135 Cal. 303 [67 Pac. 766].) So in *Wiese* v. *San Francisco Musical Society,* 82 Cal. 645, [7 L. R. A. 577, 23 Pac. 212], the plaintiff brought his action to recover sick benefits. The Musical Society set up a change in the by-laws, under which change plaintiff was not entitled to the benefit. In a previous action between the parties the same defense had been determined adversely to the defendant's position. This prior determination was held to estop the defendant from again maintaining the same defense. In *Freeman* v. *Barnum,* 131 Cal. 386, [82 Am. St. Rep. 355, 63 Pac. 691], the action was in mandate to compel the auditor to draw his warrant in favor of the petitioner for certain installments of salary asserted to be due petitioner as assistant district attorney. The auditor for defense asserted that the law purporting to authorize the payment of this salary was void, but in a prior action between the same parties for an earlier installment of salary the final adjudication had been against this defense. Further, it was contended by the auditor that the board of supervisors had revoked the order of appoint-

ment of the assistant district attorney. But this matter, too, had been previously adjudicated and decided against the position of the auditor. It was there held that the prior judgment raised an estoppel against the presentation of these defenses. To like effect is *Koehler* v. *Holt Mfg. Co.*, 146 Cal. 335, [80 Pac. 73], where defendant had accepted an order under which it was to pay plaintiff the sum of $25 per month, to be applied upon the purchase of a certain tract of land. In an action brought to enforce the collection of delinquent installments the defendant pleaded by way of estoppel that in a prior action to recover earlier installments it had pleaded nonliability by reason of the fact that its principal had countermanded the order, and upon trial judgment has passed in its favor, which judgment had become final. This court held the plea, while not sufficient to raise a technical bar, in that the installments involved .in the suit were not identical, nevertheless was sufficient to raise a complete estoppel by judgment, saying: "The case comes clearly within the principle that a judgment operates as an estoppel to preclude the parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, has been, on such issue joined, solemnly found against them."

The judgment and the order refusing to grant appellant's motion for a new trial are reversed.

Lorigan, J., and Melvin, J., concurred.