[Civ. No. 3105. Second Appellate District, Division One.—December 11, 1919.]

SECURITY TRUST & SAVINGS BANK (a Corporation), Respondent, v. H. M. CLAUSSEN, Appellant.

**[1]** LANDLORD AND TENANT—ACTION FOR RENT—JUDGMENT IN PREVIOUS ACTION—INSUFFICIENT PLEA IN ABATEMENT.—In an action to recover the rent for certain months alleged to have accrued under the terms of a written lease the tenant is not entitled to an abatement of the action pending the final determination upon appeal of a previous action by the lessor to recover the rent alleged to have accrued under such lease during previous months, in which action the trial court determined that the lessor was entitled to receive a smaller sum than that specified in the lease, which sum

it found was the reasonable value of the demised premises, where the question of the modification of the lease was not involved in such previous action.

[2] ID.—WHEN PLEA IN ABATEMENT OPEN.—A plea in abatement based upon the fact that another action is pending is open only when the identity of the matters involved in the second action is such that the judgment in the first, if final, could be pleaded as a former adjudication.

[3] ID.—DISAGREEMENT AS TO RENTAL VALUE — DETERMINATION BY COURT.—Where a lease provides that if, by reason of the happening of a certain event, the rental value of the demised premises shall become less than the monthly rental specified in the lease, the lessor "will grant such reduction on said rent as she may deem proper at that time," but no method is specified therein by which the question of the impairment of the tenancy may be ascertained, other than leaving it to the lessor, and upon the happening of such event the parties are unable to agree, the subject, under proper allegations in the nature of an equitable action, may be submitted to the court and its determination will constitute the lessee's liability under the terms of the lease as though originally written therein.

APPEAL from a judgment of the Superior Court of Los Angeles County.  L. H. Valentine, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Randall, Bartlett & White for Appellant.

Newlin & Ashburn for Respondent.

SHAW, J.—In this action plaintiff sued for rent of $150 a month, alleged to have accrued under the terms of a written lease for the months of November and December, 1918, and January and February, 1919.  As prayed for, the court gave judgment in favor of plaintiff for six hundred dollars, from which defendant appeals.

As shown by the complaint and answer, the facts presented, other than the months for which the recovery of rent is sought, are identical with those involved in same title, No. 3073 in this court, wherein an opinion was this day filed.  As in that case, this action is based upon a lease, the execution of which and nonpayment of any sum whatsoever as rent for the months of November, December, January, and February is admitted.  The facts set forth

in defense of plaintiff's right to recover are identical with those contained in the answer in the former case. Defendant offered evidence as to the reasonable rental value of the premises for the months specified in the complaint, to which plaintiff's objection was, for the reasons given in the opinion in No. 3073, properly sustained.

In addition to the matters there set up as a defense, the defendant in this action alleged—for what purpose it is not made to appear—that the former suit involved the same cause of action as that set forth in the complaint herein, and that judgment therein was duly given and made against the defendant, "declaring that the lease upon which plaintiff sues herein had been modified, and that plaintiff was entitled to recover from the defendant the reasonable rental value of said premises only, and that the reasonable rental value thereof was forty dollars per month"; in support of which the judgment-roll in No. 3073 was introduced in evidence. As to this allegation the court, upon sufficient evidence, made an adverse finding to the effect that the causes of action were different; that while it was true that a judgment was rendered therein against defendant (from which an appeal by plaintiff is pending), wherein it was adjudged that the reasonable rental value of the property for the months named in that action was forty dollars per month, for which judgment was rendered against defendant, it was not adjudged that the lease upon which plaintiff sues herein was modified or changed in any respect.

[1] As stated, the record fails to disclose the purpose for which the allegation as to the former adjudication was inserted in the answer. However this may be, and conceding that since an appeal therein was pending, it could not be pleaded as a bar, appellant, without showing that such relief was asked for in the trial court, now insists that there should have been an abatement of this action pending the determination of the former case on appeal. We perceive no merit in the contention. As appears from the judgment-roll introduced in evidence, the question as to the modification of the lease was not involved in the action. Neither party asked that the terms of the lease be modified. In its complaint plaintiff stood thereon. All the findings, except as to the amount of rent due for the months named in the complaint, as to which the court found the reasonable rental

value therefor was forty dollars per month, were adverse to defendant, as to whom, since he did not appeal therefrom, the judgment was final and binding. The judgment did not, as claimed by appellant, purport to fix the rental value of the premises for subsequent months of the demised term, the reasonable value of which, owing to fluctuation and change of conditions, might be more or less. Moreover, accepting appellant's theory that the judgment should be construed as fixing the value of the lease for the balance of the term at forty dollars per month, he, nevertheless, admits that he neither paid nor tendered anything on account thereof. Then why should plaintiff be compelled to forego the right to enforce payment of what concededly was due?

[2] A plea in abatement based upon the fact that another action is pending is open only when the identity of the matters involved in the second action is such that the judgment in the first, if final, could be pleaded as a former adjudication. (*Baker* v. *Eilers Music Co.*, 175 Cal. 652, [166 Pac. 1006].) "This rule is based upon the supposition that the first suit was effective, and afforded an ample remedy to the party, and hence that the second was unnecessary, and as a consequence vexatious." (*Dyer* v. *Scalmanini*, 69 Cal. 637, [11 Pac. 327].) There is nothing in the judgment rendered in the former suit which affects the existence or integrity of the lease. Assuming the judgment to be a final determination of the subject of that action, the lease would constitute the basis of subsequent actions by plaintiff upon which to assert its right to recovery of rent for subsequent months of the term. In support of his contention, appellant has cited *Baker* v. *Eilers Music Co.*, 175 Cal. 657, [166 Pac. 1008]; *Williams* v. *Hawkins*, 34 Cal. App. 146, [166 Pac. 869], and *Wiese* v. *San Francisco Musical Soc.*, 82 Cal. 645, [7 L. R. A. 577, 23 Pac. 212], none of which, however, is applicable to the facts in this case, for the reason that the judgments therein rendered were in favor of the defendants and the effect thereof was to destroy and nullify plaintiffs' right to recover in the subsequent actions. If final, the judgment could be interposed as a plea in bar, and if pending on appeal therefrom by plaintiff, then as a plea in abatement, for the reason that if affirmed it would operate as a final determination of the subject of the subsequent action, and hence there would be nothing to litigate. Assuming,

therefore, the sufficiency of the allegation of the answer herein as a plea in abatement, and, though not appearing in the record, that defendant did ask the trial court for such relief, the finding, which, as shown, is supported by the evidence, is such as to warrant the court in denying the same.

At the risk of being criticised for indulging in *dictum,* we deem it not improper to state that by the terms of the lease the parties thereto contemplated that a law prohibiting the retail sale of liquor upon the premises might be enacted, by reason whereof the rental value of the property might be impaired, in which case the lessor undertook and agreed that she would make such reduction of rent as she might deem proper at the time. In other words, when the contingency arose she would, for the remainder of the term, reduce the amount of the monthly installments of rent to such sum as would under the circumstances be reasonable, such reduction to be fixed and continue as the measure of defendant's obligation throughout the remainder of the term. It was not contemplated, in the absence of an agreement therefor, that a different rental, due to periodical fluctuations in value, should be exacted from month to month, depending upon what the court in such actions deemed reasonable.

[3] While the undertaking of the lessor was to make such reduction as she deemed proper "at that time," nevertheless she was an interested party. Section 1611 of the Civil Code provides: "When a contract does not determine the amount of the consideration, nor the method by which it is to be ascertained, or when it leaves the amount thereof to the discretion of an interested party, the consideration must be so much money as the object of the contract is reasonably worth." The object of the contract was the rental value of the premises and the consideration of the tenancy when impaired by the passage of the liquor ordinance was not determined by the contract, nor any method specified therein by which it was to be ascertained, other than leaving it to the discretion of the lessor, who was an interested party; hence, under this provision of the code, if the parties were unable to agree upon the reduction proper to be made, the subject, under proper allegations in the nature of an equitable action, should be submitted to the court in an action to have it determine the reasonable rental value of the premises for the remainder of the term, and

such determination would constitute the defendant's liability under the terms of the lease, as though originally written therein.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.