[Civ. No. 3122.   Second Appellate District, Division One.—May 20, 1920.]

## WM. L. GLOCKNER, etc., Appellant, v. PALACE AMUSEMENT COMPANY (a Corporation), Respondent.

[1] JUDGMENTS — ACTION ON INSTALLMENT CONTRACT — FRAUD — ADVERSE FINDING — SUBSEQUENT ACTION — DEFENSES — ESTOPPEL.— Where the court, in an action to recover certain unpaid monthly installments due under a contract for the purchase of a motion picture orchestra, finds adversely to the defendant as to its allegation of fraudulent acts of plaintiff which are set up as a defense, the defendant is thereby estopped to allege said facts as a defense to a second action by plaintiff to recover subsequent unpaid monthly installments.

[2] ID.—FORMER JUDGMENT AS ESTOPPEL—PLEADING—PROOF.—In such subsequent action it is not necessary that plaintiff plead the former judgment as an estoppel, but when the defendant by his answer tenders the same issue presented in the former action, plaintiff is entitled to offer evidence of the facts constituting such estoppel.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lewis R. Works, Judge. Reversed.

The facts are stated in the opinion of the court.

Smith & Breslin for Appellant.

Wm. T. Blakely for Respondent.

SHAW, J.—Action to recover certain unpaid monthly installments of money alleged to be due under a contract for the purchase by defendant from plaintiff of a motion picture orchestra.

Judgment went for defendant, from which plaintiff appeals.

For defense to the action defendant relied upon certain alleged fraudulent acts practiced by plaintiff, whereby defendant was induced to enter into the contract, as to all of which the court found in defendant's favor.

[1] It appears that prior to the institution of the action there had been another action between the same parties and

upon the same contract to recover monthly installments of money theretofore accruing thereon and which defendant had failed to pay. In this first action the defendant, as here, pleaded in defense of recovery therein the same fraudulent acts of plaintiff which it sets up in its answer in the instant case, and, as shown by the judgment-roll in said first action, introduced in evidence, the court, as to such defense, found adversely to defendant and gave judgment for plaintiff, which judgment had, at the time of filing the complaint herein, become final. Hence, the court having in the trial of the first case adjudged as unavailing the defense of fraud therein pleaded, defendant must, in the second suit, upon the principle of estoppel, be deemed concluded thereby. While the subject of the action in this case was different installments from those involved in the former action, the defense to recovery thereof was the same in both; hence, as said in *Koehler* v. *Holt Mfg. Co.*, 146 Cal. 335, [80 Pac. 73] : ''The case comes clearly within the principle that a judgment operates as an estoppel to preclude the parties and privies from contending to the contrary of that point or matter of fact, which, having been once distinctly put in issue by them, has been, on such issue joined, solemnly found against them.'' Indeed, we know of no authority holding to the contrary, while the proposition is, among other cases, supported by *Baker* v. *Eilers Music Co.*, 175 Cal. 657, [166 Pac. 1008] ; *Wiese* v. *San Francisco Musical Society*, 82 Cal. 645, [7 L. R. A. 577, 23 Pac. 212], and *Williams* v. *Hawkins*, 34 Cal. App. 146, [166 Pac. 869].

[2] Respondent attempts to avoid the result by suggesting that plaintiff did not plead the former judgment as an estoppel. A sufficient answer to this is that he could not anticipate that defendant would, as a defense, plead facts which had been theretofore, on issue joined, adjudged against it; and hence when defendant by answer tendered the same issue, he was entitled, without pleading the judgment, to offer evidence of the facts constituting the estoppel.

Our views render it unnecessary to notice other points.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.