[L. A. No. 3208.    Department Two.—March 23, 1914.]

## LUDWICKA HINDA KRZEPICKI, Appellant, v. MORRIS KRZEPICKI, Respondent.

DIVORCE—PRIOR JUDGMENT IN ANOTHER STATE—EFFECT AS RES JUDICATA.—A judgment of the supreme court of the state of New York in an action for a limited divorce on the grounds of willful desertion and willful neglect, denying a decree to the plaintiff, is a bar to her *maintenance of a subsequent action in this state for absolute* divorce on the ground of willful neglect.

ID.—JUDGMENT AS BAR TO SUBSEQUENT ACTION—GENERAL RULE.—A cause of action between parties can be litigated to judgment but once, and when a subsequent suit is brought for identically or substantially the same cause of action that was set up and litigated in the former suit, the former judgment is a bar.

ID.—RES JUDICATA — IDENTITY OF ISSUES — DIFFERENCE IN RELIEF SOUGHT.—Whether or not such prior judgment constitutes a bar to a subsequent suit does not depend on the difference in relief sought in the two actions, but upon the question whether the same matter put in issue in the second suit between the same parties was actually

in issue in the first and adjudicated. If the issue is the same, the former judgment is conclusive upon it in any subsequent action between the parties and bars the right to seek a different remedy based on the same facts or cause of action.

ID.—ACTION FOR DIVORCE—PLEADING WILLFUL NEGLECT.—An allegation in a divorce complaint that subsequently to the date of his alleged desertion the defendant "has since left the above named plaintiff abandoned and destitute without any means of support and that during the said time has failed to contribute anything toward the support of the above named plaintiff," is a general allegation charging willful neglect.

APPEAL from a judgment of the Superior Court of Los Angeles County. Chas. Monroe, Judge.

The facts are stated in the opinion of the court.

Trask, Norton & Brown, for Appellant.

Morris Krzepicki, *in pro. per.,* for Respondent.

LORIGAN, J.—This is an action for divorce brought in the superior court of Los Angeles County.

Plaintiff is a resident of California, defendant a resident of New York.

The complaint, after alleging the marriage of the parties in the city of Lututow, Poland, Russia, in 1895, alleged "that in the year 1908 in the city of Lututow, defendant deserted plaintiff and since that date has neglected and refused to provide plaintiff with the necessaries of life and had neglected to live with plaintiff and support and maintain her, though able to do so," and prayed for a divorce. It is conceded that the year 1908 mentioned in the complaint and printed in the record is inaccurate and should be 1898. The complaint was filed April 13, 1911.

Defendant answered the complaint denying the above allegations and further plead in bar to the maintenance of the present action a judgment made and entered on April 19, 1910, at a special term of the supreme court of the state of New York in an action for limited divorce brought therein by plaintiff against defendant.

When the present case was called for trial an exemplified copy of the record in the action in the supreme court of New

York was introduced in evidence whereupon the superior court, holding that the judgment in that action was a bar to the maintenance of the present suit, declined to hear any other evidence upon the issues in the case and denied plaintiff a divorce. Plaintiff appeals from this judgment.

The only question presented on this appeal is whether the superior court was correct in holding that the judgment of the New York court constituted a bar to the present action. The exemplified copy of the record in the action in New York shows that in December, 1908, plaintiff and defendant then residing in the city of New York in that state, plaintiff brought an action against defendant for divorce, alleging their marriage in the town of Lututow, Russian Poland, that they lived together in the town of Wielum, Russian Poland, for a few months and "that the defendant left and abandoned the plaintiff a few months after the aforesaid marriage and has since left the plaintiff abandoned and destitute without any means of support in the aforesaid town of Wielum, Russian Poland." It is then alleged that "since the above-named defendant abandoned and deserted the plaintiff, went to the city of New York, state of New York, and since said abandonment and desertion resided therein, and that during the said time, has failed to contribute anything toward the support of the above-named plaintiff." The prayer was for a separation for life from bed and board and requiring the defendant to contribute toward the support of the plaintiff. Defendant answered denying all the allegations of the complaint save their marriage and set up affirmatively that in December, 1905, at Wielum, Russian Poland, the plaintiff deserted him and had refused to live with him.

The action in New York was tried on its merits and the court made findings of fact and conclusions of law. The court found: "That the defendant did not leave or abandon the plaintiff without any means of support in the town of Lututow, Russian Poland"; that the plaintiff left the defendant in said town and country; "that the plaintiff refused and still refuses to live with the defendant; that the plaintiff abandoned the defendant in the city of New York." The conclusion of law was that the plaintiff was not entitled to a decree of limited divorce, and a judgment dismissing her complaint on the merits was entered.

Section 1762 of the New York Code of Civil Procedure provides that an action may be maintained by either party to a marriage to procure a judgment separating the. parties from bed and board forever, or for a limited time for, among other causes, "3. The abandonment of plaintiff by the defendant; 4. When the wife is plaintiff, the neglect or refusal of the defendant to provide for her." Our code, like the New York code, provides as causes for divorce willful desertion or willful neglect to support. (Civ. Code, sec. 92.) Under the New York code the only ground for an absolute divorce in that state is adultery. For any other cause a limited divorce may be granted. Under our code limited divorces are not known; all divorces are absolute divorces.

It is of course well settled that a judgment rendered on the merits in a former action and which has become final is a bar to a subsequent suit between the same parties for the same cause of action. Appellant insists, however, that the cause of action for a divorce set up in the suit in the New York court in which the judgment relied on was rendered is not the same cause of action set up in the present complaint; that the only cause of action set up in the New York court was the desertion of plaintiff by defendant, and while willful neglect was also a ground for divorce in New York, the complaint there does not charge it, and it is only charged in the present complaint for the first time and as the sole ground for a divorce here. Hence, he claims, that the New York judgment is not a bar to the maintenance of the present action brought on the ground of willful neglect.

But we are of the opinion from an inspection of the record in the New York case, considered in the light of the causes for divorce available to a plaintiff under the quoted section of the New York code and the same causes for a divorce provided for in our code, that this claim of appellant is untenable. It appears from the complaint in the New York action that plaintiff alleged both desertion and neglect to provide on the part of the defendant as grounds for a divorce. Appellant admits that it alleged desertion. But it is apparent also that plaintiff alleged neglect to provide when plaintiff charged that subsequent to the date of his alleged desertion defendant "has since left the above named plaintiff abandoned and destitute without any means of support . . . and that during the said

time has failed to contribute anything towards the support of the above named plaintiff.'' It is a general allegation charg-ing willful neglect, and could have no relevancy except as stating a cause of action upon that ground. As evidently from the record in the New York case desertion and willful neglect were both charged in the complaint, issues made as to both, findings of the court against plaintiff on both issues and judgment on the merits entered against her denying a divorce, the judgment in that action was a bar to the maintenance of the present suit unless there is merit in the further contention of appellant. This contention is that the New York judgment is not available as a bar because the relief demanded there is different from the relief demanded in the present action; that in the action in New York for divorce on the ground of willful neglect a limited divorce only could be obtained, while here an absolute divorce on that ground may be granted. While making this point, the attorney for appellant concedes that he can find no authority to support it. We think it presents no real difficulty. The appellant is seeking the same kind of relief here that she sought in the New York court—a divorce. The difference is not in kind, but in degree arising from the difference in the statutory law of New York and this state. But this difference cannot affect the prior judgment as a bar. It is a fundamental rule of judicial procedure that a cause of action between parties can be litigated to judgment but once, and when a subsequent suit is brought for iden-tically or substantially the same cause of action that was set up and litigated in the former suit such former judgment is a bar. Whether such prior judgment constitutes a bar to a subsequent suit or not does not depend on the difference in relief sought in the two actions, but upon the question whether the same matter put in issue in the second suit between the same parties was actually in issue in the first and adjudicated. If the issue is the same the former judgment is conclusive upon it in any subsequent action between the parties and bars the right to seek a different remedy based on the same facts or cause of action. Applying this rule to the instant case. The plaintiff here in her action in the New York court for a limited divorce charged defendant with willful neglect which was made an issue in that action and the judgment of the court was against her upon it. In this state she charges the same

identical ground of willful neglect as made there as a ground for divorce here. As, however, this very same matter of willful neglect was the subject of judicial controversy in the former action and judicially determined against plaintiff she will not be permitted to relitigate it, and within the rule announced such former judgment constitutes a bar and the trial court properly so held.

The judgment is affirmed.

Melvin, J., and Henshaw, J., concurred.