[Civ. No. 1223. Third Appellate District.—September 10, 1914.]

## MARINA GIUFFRE, Appellant, v. GIUSEPPE LAURI-CELLA et al., Respondents.

PARTITION—TITLE TO PROPERTIES INVOLVED—FORMER ADJUDICATION.—In this action for partition it is held that the title to the two pieces of property involved was adjudicated in the former case of *Lauricella* v. *Lauricella,* 161 Cal. 61, which was an action for the establishment and enforcement of a constructive trust, that is, for a decree declaring and adjudging the property here involved to be held in trust by the plaintiff herein for the benefit of her husband, during his life, and, upon his death, one-half thereof to be conveyed in equal shares to his father and mother, and the other one-half to be retained by her, absolutely; and that the judgment in such former action operates as an estoppel against any claim of the plaintiff for any further or greater interest in each of the two parcels of property than that awarded to her by such judgment.

ID.—RES JUDICATA—GENERAL RULES AND REASONS THEREFOR.—All matters in litigation which become the basis of a judgment are *res adjudicata,* and to permit causes of action or defenses once presented, considered and definitely determined to be again asserted in another or subsequent suit or action would be in violation of the principles underlying and supporting that salutary doctrine—a doctrine indispensably essential to any well-regulated system of jurisprudence, because the effect of its operation is to put an end to litigation, or to stop repeated trials of precisely the same question between the same parties.

ID.—COMMUNITY PROPERTY—DISPOSAL OF BY GIFT OR WILL.—Although a husband has no power to make a gift of any part of the community property without the written consent of his wife, yet he has the power, without her consent, to make a will giving one-half of it to his father and mother.

ID.—CONVEYANCE OF COMMUNITY PROPERTY BY HUSBAND—ESTOPPEL AGAINST WIFE.—Where a man about to leave the country on account of bad health, and desiring to provide for his parents in case he does not return, conveys community property to his wife on her express agreement to hold it in trust for him during his life and at his death convey a half interest therein to his parents and herself retain the other half, she is estopped after his death to assert the invalidity of the deed under the rule that a husband cannot convey the common property without a valuable consideration unless the wife consents in writing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. W. M. Conley, Judge presiding.

The facts are stated in the opinion of the court.

Geo. C. Sargent, and J. F. Cavagnaro, for Appellant.

Jas. C. Sims, and J. A. Spinetti, for Respondents.

HART, J.—This is an action in partition.  The complaint alleges that the plaintiff is the owner of an undivided one-half interest in fee-simple in a certain lot (specifically described in the complaint) situated on Tremont Avenue, in the city of San Francisco, and that the defendants are each of them the owner of an undivided one-quarter interest in fee-simple in said real property; that the plaintiff is the owner of an undivided three-quarters interest in fee-simple in a certain lot (also specifically described in the complaint) situated on Oak Street, in said city, and that the defendants are each of them the owner of an undivided one-eighth interest in fee-simple in said last mentioned lot.  It is alleged that said two parcels of property cannot be divided in kind without great disadvantage and loss to the owners thereof, and that it is, therefore, to the best interests of all the parties to this action that both of said pieces of property be sold separately, and the proceeds divided among the parties to the action, etc.

The answer denies that the plaintiff is the owner of an undivided one-half interest in fee-simple in the Tremont Avenue property, denies that she is the owner of a three quarters interest in the Oak Street property, and alleges that the defendants are the owners of a three-quarters interest in fee-simple in each of said pieces of property, and in support of these denials and allegations pleaded the judgment in a former action, in which Giuseppe Lauricella and Concetta Lauricella (respectively, father and mother of Domenico Lauricella) were plaintiffs and the plaintiff here, Marina Giuffre, was the defendant, and involving both the pieces of property described in the complaint.

The court found that the plaintiff was the owner of an undivided one-half interest in fee-simple in each of the pieces of property mentioned in the complaint and that the defendants are each of them the owner of an undivided one quarter interest in each of said pieces of property, and entered an interlocutory decree accordingly and, furthermore, therein

ordered a sale of both pieces of said property and named a referee for that purpose.

The plaintiff prosecutes these appeals from said decree and the order denying her a new trial.

The controversy here involves solely the Oak Street property, and the objection to the findings and the decree is that, under the evidence and the record, the court should have found and adjudged that the plaintiff is the owner of a three quarters rather than a one-half interest in fee-simple in said property.

The facts of the case are not disputed, and may be stated in the language of the brief of counsel for the defendants as follows: "Domenico and Marina Lauricella were married in 1900. On June 16, 1904, the Tremont Avenue property was conveyed to Domenico Lauricella (the husband) by a bargain and sale deed. On February 7, 1906, the Oak Street property was conveyed to Domenico Lauricella and Marina Lauricella by a bargain and sale deed. On July 11, 1906, a deed describing both of these pieces of property was executed by Domenico Lauricella to his wife, the appellant. It was a bargain and sale deed, expressed consideration of ten dollars, and contained no terms indicating an intention to create a trust. Domenico Lauricella died on September 10, 1906, and Marina (his widow and the plaintiff) married Domenico Giuffre on October 3, 1909. On March 26, 1907, an action was commenced in the superior court of the city and county of San Francisco, state of California, by Giuseppe Lauricella and Concetta Lauricella (respondents herein) against Marina Lauricella (appellant herein), numbered 7324, to obtain a judgment that the deed of July 11, 1906, from Domenico Lauricella to Marina Lauricella was made to her in trust, to hold the property for her husband while living, and after his death to hold one-half absolutely and to convey the other half, share and share alike, to Giuseppe Lauricella and Concetta Lauricella. Judgment went in favor of Giuseppe Lauricella and Concetta Lauricella, which was affirmed by the supreme court upon appeal. (161 Cal. 61, [118 Pac. 430].) Among the papers in that case is a satisfaction of the judgment, signed by plaintiffs' attorney, dated November 25, 1911. On November 15, 1911, pursuant to the judgment in *Lauricella* v. *Lauricella,* a deed was executed by Marina Lauricella to Giuseppe Lauricella and Concetta Lauricella, conveying

to the grantees an undivided one-half of all the right, title and interest received by her by operation of the deed of July 11, 1906.''

The plaintiff introduced the following evidence and thereupon rested her case: 1 Deed from one Westwood to Domenico Lauricella, dated June 16, 1904, conveying the Tremont Street property to Domenico Lauricella; 2. Deed from McEwen Bros. to Domenico Lauricella and Marina Lauricella, dated February 7, 1906, conveying the Oak Street property; 3. Deed from Domenico Lauricella to Marina Lauricella, dated July 11, 1906, conveying both said pieces of property; 4. Deed from Marina Lauricella to Giuseppe Lauricella and Concetta Lauricella, dated November 15, 1911.

The defendant then offered and the court received in evidence the judgment-roll in the case of *Giuseppe Lauricella and Concetta Lauricella* v. *Marina Lauricella,* above referred to, after the plaintiff had objected to said evidence upon the following grounds: ''1. That said judgment was not binding upon plaintiff because the *status* of the title to the real property described in said action and in the action at bar, came only collaterally into question; that any declaration in the findings and judgment in said judgment-roll as to the character of the title was not necessary to a decision of the matters involved; 2. That defendant in said judgment-roll was litigating in her capacity as trustee, and not as an individual; 3. That the parties to said action were not litigating for the same thing, or under the same title; that the cause of action in *Lauricella* v. *Lauricella* and in the action at bar were not the same.''

The former action involving the two parcels of property described in the complaint in the present action was one for the establishment and enforcement of a constructive trust— that is, for a decree declaring and adjudging the property here involved to be held in trust by Marina Lauricella (now Marina Giuffre) for the benefit of her husband, during his life, and, upon his death, one-half thereof to be conveyed in equal shares to the father and mother of the husband, and the other one-half to be retained by her, absolutely.

The complaint in said former action, after alleging the death of Domenico Lauricella, ''alleges that Marina was his wife, and Giuseppe and Concetta, his father and mother; that on the 15th day of August, 1906 (should be July 11, 1906),

Domenico was the owner in fee of the Tremont Avenue and Oak Street properties; that it was all his separate property; that Domenico reposed great confidence in his wife, Marina, and, believing she would faithfully execute the trust, delivered to her on August 15th, a deed of the Tremont Avenue and Oak Street properties, upon the express agreement that she would hold them in trust for Domenico during his life, and that upon his death she would hold one-half for herself and deed the other half to Giuseppe and Concetta, in equal shares; that defendant accepted the deed to hold in trust, and without paying any consideration; that, since his (Domenico's) death, Giuseppe and Concetta had demanded a deed of one-half of the property, which had been refused; that Marina persisted in betraying the confidence of Domenico and in refusing to make such conveyance; that the deed, though absolute on its face, was intended to be in trust as aforesaid.''

The answer to said complaint, besides containing certain denials, avers that Marina Lauricella was the owner of one-half of the Oak Street property in virtue of her right of community.

The court's findings were in accord with the allegations of the complaint, except as to the Oak Street property, and as to it the court found that that particular parcel of property was acquired during the married life of Domenico and Marina, and that it was, therefore, community property.

The position of the defendants is that the question of title to both pieces of the property described in the complaint was adjudicated in the case of *Lauricella* v. *Lauricella,* 161 Cal. 61, [118 Pac. 430], and that therein it was adjudged that an undivided one-half interest in fee-simple in each of said pieces of property was in the plaintiff in the present action and that an undivided one-fourth interest in each of said pieces of property was vested in each of the defendants in the former action, Giuseppe and Concetta Lauricella, and that, consequently, the judgment in said former action operates as an estoppel against any claim of the plaintiff of any further or greater interest in each of said parcels of property than that awarded to her by said judgment.

The plaintiff submits a variety of specific reasons for which, she contends, the judgment in the case of *Lauricella* v. *Lauricella,* 161 Cal. 61, [118 Pac. 430], will not support the plea of

*res adjudicata* in this action. The sum and the substance of
them all are that the same questions were not litigated in said
action as are involved in the present action and that the par-
ties to the former action are not the same parties to this
action. In other words, it is the contention that the plaintiff,
in the former action, was sued in her capacity as trustee
and not as an individual, and that her title to the Oak
Street property, as an individual, was not put in issue or liti-
gated in said action. Another contention is that, while the
findings in said action make some reference to the ownership
of the property described in the complaint, the judgment is
absolutely silent upon that proposition, and it is argued that,
inasmuch as an estoppel by judgment cannot be predicated
upon a mere finding, but must rest wholly upon the judg-
ment itself, there is no ground here for invoking, as a defense
to the action, an estoppel by judgment.

From the foregoing and other propositions advanced for
the purpose of showing that the title of the plaintiff to the
property in dispute was not involved and litigated in the
former action, it is contended that the plaintiff is entitled
to assert here her full interests in the Oak Street property,
viz.: An undivided one-half thereof by virtue of her right
of community and one-half of the other undivided one-half,
or altogether three-fourths thereof, the latter fourth going to
her by descent as of separate estate. (Civ. Code, secs. 1402,
and 1386, subd. 2; *Lauricella* v. *Lauricella,* 161 Cal. 61, [118
Pac. 430].)

An examination of the judgment-roll in the case of *Lauri-
cella* v. *Lauricella* will clearly disclose that the proposition
which it rests on the plaintiff to establish in order to prevail
in this action, viz.: that the judgment in said action is not
conclusive upon the question of the title to the property in
dispute and that said judgment cannot, therefore, operate
as an estoppel against her right to claim any greater interest
in said property than is therein and thereby adjudicated
and awarded to her, cannot be sustained upon any conceivable
view of the record before us.

The judgment in said case reads, in part: ". . . The court
having filed its written findings of fact and conclusions of law,
and having ordered that judgment be entered that the real
property described in the deed of July 11, 1906, of Domenico
Lauricella, deceased, to Marina Lauricella, the defendant

herein, and set forth and described in paragraph 3 of plaintiffs' complaint on file herein, and set forth and described in said findings of fact filed herein, was deeded to said defendant by Domenico Lauricella, with the express promise, understanding and agreement that said Marina Lauricella was to hold said real property in trust for her husband, Domenico Lauricella, while living, and after his death, that she should hold one-half absolutely and should convey the other one-half, share and share alike, to the father and mother of said deceased, and that thereby a constructive trust was created— and having further ordered that the plaintiffs are entitled to judgment, and that said trust be enforced in favor of the plaintiffs, and that in accordance with the terms of said trust, defendant convey one-half of said real property to Giuseppe Lauricella and Concetta Lauricella, respectively the father and mother of said deceased, in equal shares, and that the defendant, Marina Lauricella, retain the other one-half of said real property absolutely in her own name and in her own right; . . . It is ordered, adjudged and decreed that the real property described as follows,'' describing the Tremont Avenue property, ''also all that certain lot, piece or parcel of land . . . described as follows,'' describing the Oak Street property, ''was deeded to said defendant, Marina Lauricella, by Domenico Lauricella, deceased, with the express understanding, promise, and agreement that said Marina Lauricella was to hold said property in trust for her husband, Domenico Lauricella, while living, and after his death, that she should hold one-half of said property absolutely, and should convey the other one-half, share and share alike, to the father and mother of said deceased, and that thereby a constructive trust was created.

''It is further ordered, adjudged and decreed that said trust be enforced in favor of the plaintiffs, Giuseppe Lauricella and Concetta Lauricella, and that, in accordance with the terms of said trust, defendant, Marina Lauricella, convey one-half of said property to Giuseppe Lauricella and Concetta Lauricella, respectively the surviving father and mother of said deceased, in equal shares.

''It is further ordered, adjudged and decreed that the defendant, Marina Lauricella, retain the other one-half of said real property absolutely in her own name and in her own right.''

That the object of said action, as disclosed by the averments of the complaint therein, was to have determined and adjudicated the respective interests of the parties thereto in the property described in said complaint, is a proposition upon which there exists no possible ground for controversy.

It cannot be disputed that the complaint in the former action tendered an issue upon the question of the ownership of or title to the property, and that issue was joined upon that specific question is evidenced by the following allegation of the answer: ". . . In that behalf, defendant alleges that said conveyance was an absolute conveyance of all the right, title, and interest of said Domenico Lauricella in all of said real property described in said complaint, without any limitation or condition or trust whatsoever."

As already shown, and, indeed, as is conceded, the findings followed the averments of the complaint, and it follows, therefore, that the court found that a trust in the property was created by Domenico and that, agreeably to the terms of said trust, the title to one-half thereof was, upon his death, to be conveyed to his father and mother.

It is only necessary to compare the judgment with the issues made by the pleadings and with the findings to readily perceive that the former not only adjudicated every essential issue in the case but that its scope is co-extensive with the findings. In other words, it is clear that the effect of the judgment was to establish and adjudicate these facts: 1. That Domenico Lauricella was the owner of the property in dispute; 2. That he conveyed the same to his wife in trust for himself for life, with the remainder in fee to his father and mother and his widow, the former each to take one-fourth, and the widow to take one-half thereof, and that she accepted the trust; 3. That Marina repudiated said trust and claimed that by the deed of conveyance from her husband to herself the whole of the property and the title thereto was transferred to and vested in her, without any condition, limitation, or qualification whatsoever; 4. That, conformably to said adjudication, it was further ordered, decreed, and adjudged that Marina, in pursuance of the terms of said trust, as found by the court and established by the decree, convey to the father and mother of the deceased their respective interests in said property.

Thus it is to be observed that the respective interests of the parties to the present action in both parcels of property

described in the complaint here were conclusively determined, established, and adjudicated in the former action.

It is elementary, of course, that all matters in litigation which become the bases of a judgment are *res adjudicata*, and that to permit causes of action or defenses once presented, considered and definitely determined to be again asserted in another or subsequent suit or action would be in violation of the principles underlying and supporting that salutary doctrine—a doctrine indispensably essential to any well-regulated system of jurisprudence, because the effect of its operation is to put an end to litigation, or to stop repeated trials of precisely the same question between the same parties.

In the present action, the plaintiff has attempted to reopen and renew the litigation of one of the several important questions which were conclusively determined against her and in favor of the defendants to the present suit in a former action. There is obviously no merit in the contention that because, so it is argued, the plaintiff here was sued in the other action in the capacity of a trustee and not as an individual, the parties to the former action are different from or not the same parties as those to the present action. In the former suit, the plaintiff was necessarily proceeded against both in her individual and in her representative capacity. As an individual, she claimed the entire property under the deed from her husband and, consequently, denied that the parents of her deceased husband were entitled to a share thereof. It was for the purpose of establishing her capacity as a trustee with respect to the property and of enforcing the trust, and, to that end, to establish the groundlessness of her claim to all the property as an individual, that the former action was instituted. Whether the property was wholly and absolutely conveyed to her or, as the complaint in the former action asserted, it was conveyed to her in trust for the purposes set forth in said complaint, rested wholly in parol, and the issues therein presented, considered and finally adjudicated affected her as an individual as well as a trustee. Indeed, the sole issue submitted by her in resistance to the claims of the plaintiffs in that action involved the assertion by her of sole ownership in her of the entire property—an ownership which she claimed vested in her at the moment of the delivery of the deed to her by her husband and an ownership necessarily inconsistent with the trust theory upon which the plaintiffs in said action

were required solely to rely to secure their shares of the property.

But the whole question of the right of the plaintiff to the one-fourth interest in the community property (the Oak Street real estate) which she is attempting to obtain through the medium of this action was passed upon and determined against her by the supreme court on the appeal in the former action. (*Lauricella* v. *Lauricella,* 161 Cal. 61, [118 Pac. 430].) There it was argued that, as by the terms of section 172 of the Civil Code the husband has no right to make a gift of community property, or convey such property, without a valuable consideration, in the absence of the wife's consent thereto in writing, a constructive trust in the community cannot arise or be created through or by means of a voluntary deed by the husband conveying such property to the wife. Replying to that proposition, the supreme court, through Mr. Justice Shaw, said: "In this case this puts the wife in the position of claiming a quarter interest in this parcel under the husband's deed, because said deed is void. The husband having died childless, leaving his father and mother surviving, if this deed is void the law would vest in the wife three-fourths of this parcel, one-half in virtue of her community right and one-fourth by descent as of separate estate, while the remaining fourth would go to the father and mother. (Civ. Code, sec. 1402; sec. 1386, subd. 2.) She can claim the last mentioned fourth only under this deed and, in view of the conclusions hereinbefore stated, only upon the ground that the deed is ineffectual to convey anything. If she accepts the grant at all, she must take it with the burden and upon the trust by means of which she received it. Her claim of the entire estate under the deed constitutes an effectual estoppel to prevent her from asserting in the same breath that the deed is invalid as to one-fourth. (*White* v. *Stevenson,* 144 Cal. 112, [77 Pac. 828].)

"She is estopped by her conduct from claiming the other one-fourth interest as well. Although her husband had not power to make a gift of any part of the community property without her written consent, yet he had the power without her consent to make a will giving one-half of it to his father and mother. (Civ. Code, sec. 1402.) The facts are that Domenico was in poor health and was intending to depart for Italy in hope of recovery, and he desired to make some provision for

his father and mother in case he did not return. He could at that time have made a will giving them one-half of this parcel. Instead of making the provision by that method, he chose to rely upon his wife and transferred it to her upon her promise to carry out his wishes by transferring it to them after his death. To this, with presumed knowledge of his power to do it by will, she agreed. It does not lie in her mouth to say now that if she had then refused to consent he would not have made the same provision by will. And having then, by her consent, prevented the making of the disposition by way of devise, she is clearly estopped, now when death has ended his powers, to say that the arrangement made with her consent shall not be carried out because it was not within his power then to carry it out in that mode without her consent in writing. Her allegation in her answer that it was acquired after the marriage, and therefore community property, authorizes the plaintiffs to rely on the estoppel in regard to that claim, without pleading it specially. (Code Civ. Proc., sec. 462; *White* v. *Stevenson,* 144 Cal. 112, [77 Pac. 828]; *Fox* v. *Tay,* 89 Cal. 344, [23 Am. St. Rep. 474, 24 Pac. 855, 26 Pac. 897]; *Moore* v. *Copp,* 119 Cal. 432, [51 Pac. 630].)''

The foregoing language conclusively shows and determines not only that the question of the right of the plaintiff to the additional one-fourth interest in the Oak Street property which she is seeking to secure by means of this action was lost to her when she accepted the trust and its burdens and consequences, but it further shows that said question was presented, litigated, and adjudicated in the former action, and that the judgment in the latter action operates as an estoppel to the maintenance of the present action. Indeed, while we have thought it proper to give this record a somewhat extended consideration, we are nevertheless at a loss either to perceive or to conceive any theory upon which, under the circumstances as disclosed to us, the plaintiff could ever have hoped to maintain this action.

The judgment and the order appealed from are affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1914.