[S. F. No. 6890.   Department Two.—May 15, 1916.]

JOHN CROSBY YOUNG, Appellant, v. ELIZABETH KAUFMAN, Respondent.

VENDOR AND VENDEE—ASSUMPTION BY VENDEE OF VENDOR'S INDEBTEDNESS—APPLICATION OF PROCEEDS OF INSURANCE—RES ADJUDICATA. In this action by a vendor to recover a balance alleged to be due on the purchase price of land, the decision in the case of *Kaufman* v. *All Persons,* 16 Cal. App. 388, a prior action by the vendee to quiet her title to the land under the so-called McEnerney Act, is *res adjudicata* to the effect that by the contract of sale the vendee, as part of the purchase price, assumed and agreed to pay all exist-

ing indebtedness of the vendor secured by a deed of trust of the land, and that upon the destruction by fire of improvements on the land during the life of the contract of sale, money received as the proceeds of the insurance thereof was properly applied to the extinguishment of the vendor's indebtedness that had been assumed by the vendee.

ID.—APPLICATION OF DOCTRINE OF RES ADJUDICATA.—It is immaterial to the application of the doctrine of *res adjudicata* that the relief sought in the former case was in some measure different from that demanded in the latter. If the former litigation was substantially the same cause of action, the judgment therein is a bar to a recovery in a subsequent action.

ID.—VOLUNTARY PAYMENT BY VENDOR—STATUTE OF LIMITATIONS.— Where such vendor voluntarily paid the balance of the indebtedness which had been assumed by the vendee as part of the purchase price, the statute of limitations commenced to run against his right to recover the same of the vendee from the date of the payment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Albert B. Harris, and Alfred B. Weiler, for Appellant.

J. C. Campbell, David L. Levy, and Campbell, Weaver, Shelton & Levy, for Respondent.

MELVIN, J.—Plaintiff appeals from the judgment and from an order denying his motion for a new trial. The suit was for an alleged balance due from Mrs. Kaufman to Mr. Young on the purchase price of a certain parcel of real property in the city and county of San Francisco.

Plaintiff alleged that he had sold and conveyed the property to defendant for an agreed price of six thousand dollars; that the sum of $2,740.47 had been paid thereon and that $3,259.53 remained unpaid. For a further and separate cause of action plaintiff alleged that he and his wife, Josephine M. Young, on the first day of February, 1904, executed and delivered their note for the sum of four thousand dollars to the savings and loan society; that said note was due and payable on February 1, 1906; that thereafter plaintiff and defendant entered into an agreement whereby the latter pur-

chased from plaintiff the property which is described in detail in the complaint; that the price was six thousand dollars; that by the terms of the agreement defendant promised to pay $3,523.48 to the savings and loan society, together with interest at the rate of six per cent per annum; that the savings and loan society knew of the agreement and accepted the defendant as principal debtor for the sum of $3,523.48, to be paid in accordance with the terms of the said note; that said savings and loan society did not release plaintiff or his wife from their obligation on the note, but retained said note and obligations as security for the payment of said sum by defendant; that defendant paid the savings and loan society $263.95 and no more; and that thereafter and subsequent to the first day of February, 1906, plaintiff paid the savings and loan society $3,259.53 and interest in discharge of his obligation on his note. The last-named sum was demanded as due to plaintiff from defendant as the remainder of the purchase price. Defendant answered fully, setting up three separate defenses, (1) that upon the merits plaintiff had not established a cause of action; (2) that plaintiff's claim was concluded by a former judgment; and (3) that plaintiff's alleged cause of action was barred by the statute of limitations. The cause was tried and judgment was given on the merits in favor of defendant. The court found that another action between the same parties had been tried, and while there was no direct finding that the same issues were involved in both actions, an elaborate review of the course of the other litigation was set forth including much of the opinion of the district court of appeal in the case of *Kaufman* v. *All Persons, etc.,* 16 Cal. App. 388, [117 Pac. 586]. On the defense of the statute of limitations the court found certain probative facts. The record contains an elaborate stipulation of facts. Upon these facts Mrs. Kaufman founded the defenses of payment and the bar of the statute of limitations. The undisputed facts thus established by stipulation and again set forth by the findings actually signed by the court are in brief as follows:

On February 1, 1904, plaintiff owned the real property described in the pleadings. On that day he and his wife executed and delivered a promissory note for four thousand dollars, at six per cent interest per annum, payable to the savings and loan society and secured by a deed of trust exe-

cuted at the same time. By the terms of the note it was payable in monthly installments of twenty dollars, with interest until February 1, 1906, when the unpaid balance should become due. Prior to January 16, 1906, plaintiff paid all of the interest due to said date and $476.52 of the principal. On the day last specified a written agreement was executed whereby Mr. Young gave Mrs. Kaufman, for one thousand dollars, then paid, an option for the period extending to and including the first day of January, 1908, to purchase the premises for six thousand dollars. The contract provided for a credit of the one thousand dollars on the purchase price in case Mrs. Kaufman should elect to purchase within the optional period. The balance of five thousand dollars was to be paid as follows: $1,476.52 to be paid in installments before January 1, 1908, to the Crocker-Woolworth National Bank of San Francisco for Mr. Young's benefit, and the remainder $3,523.48 "to be paid to the Savings and Loan Society of San Francisco, by the party of the second part, at the rate of twenty dollars ($20.00) per month and interest, according to the terms of a certain deed of trust from John Crosby Young and Josephine M. Young to said Savings and Loan Society, dated February 1st, 1904." The vendor was to place in escrow with the Crocker-Woolworth National Bank a deed to be delivered to the vendee "upon full payment of said fourteen hundred and seventy-six and fifty-two hundredths dollars ($1476.52) and interest thereon as aforesaid." The deed was executed and placed in escrow according to the provisions of the agreement. Mrs. Kaufman was in possession of the property and following the terms of the aforesaid agreement made monthly payments to the savings and loan society. After three such payments had been made the improvements on the land were destroyed by fire. The vendor had previously insured these improvements in favor of the savings and loan society as provided by the deed of trust. On September 1, 1906, the insurance company paid to said society $2,250 in full of its obligations arising upon the policy of insurance. This amount was credited upon the indebtedness secured by the deed of trust. Mrs. Kaufman paid her usual installments to the savings and loan society early in September, 1906. On the 29th of that month Mr. Young, without her knowledge or consent and without any demand by the society or its agents for such action, paid

the entire balance of the indebtedness, amounting to one thousand one hundred dollars, to the said society taking its reconveyance of the land. Thereafter. Mrs. Kaufman made monthly tenders for the balance of the year 1906 to the savings and loan society. Each of these was for twenty dollars and interest computed upon an existing balance of one thousand one hundred dollars. These tenders were rejected by the savings and loan society. Mr. Young at that time claimed that Mrs. Kaufman was under obligation to pay to him twenty dollars per month together with interest upon a balance of $3,360, which included the amount paid by him upon the indebtedness secured by the deed of trust as well as the sum paid by the insurance company. On November 30, 1906, Mrs. Kaufman paid the Crocker-Woolworth National Bank the entire amount covered by the escrow instructions, received the deed, and placed it of record. Subsequently she received a quitclaim deed to the property from the savings and loan society.

On February 17, 1908, Mrs. Kaufman commenced an action under the ''McEnerney Act'' to quiet her title to the property, Mr. Young appeared as a defendant, set up the transactions between himself, the plaintiff, and the banks, and alleged that there was a balance due him of $3,259.53 and interest, the amount for which he seeks judgment here. He asked that the amounts demanded be declared liens upon the land in his favor. In that action Mrs. Kaufman prevailed.

Appellant here contends that respondent never assumed his debt to the bank, but merely paid upon his account the installments provided by the contract of option and sale; that the insurance money was properly his and should not have been applied on account of Mrs. Kaufman's indebtedness; and that his payment of the residue evidenced by the note and secured by the deed of trust was not a voluntary payment of another's debt.

We are satisfied that all of these contentions save one are fully answered adversely to appellant's contentions by the decision in the action to quiet title, and that his demand for repayment of the money paid voluntarily by him in extinguishment of the debt assumed by his vendee is barred by the statute of limitations.

In the case of *Kaufman* v. *All Persons, etc.,* 16 Cal. App. 388, [117 Pac. 586], after setting forth fully a statement of the facts which we have endeavored in some degree to epitomize above, the learned district court of appeal held that the money paid by the insurance company was properly applied to the extinguishment of the debt which had been assumed by Mrs. Kaufman. In discussing this part of the case, Mr. Justice Hart, who delivered the opinion of the court, said among other things:

"The *habendum* clause of the deed in escrow, it will be remembered, reads: 'To have and to hold, all and singular, the said premises, together with the appurtenances, unto the said party of the second part, her heirs and assigns forever, *subject to a certain deed of trust* from John Crosby Young and Josephine M. Young to Arthur A. Smith and Wm. B. Dunning, trustees Savings and Loan Society, dated Feb'y 1, 1904.'

"Said clause in said deed and the agreement of option must be construed together, and, so construing them, it is idle to argue that the intention and understanding of the parties was not that plaintiff was to assume, and that she did not, by virtue of such understanding, assume the extinguishment of the obligation of the defendants to the savings and loan society. The agreement of option specifically points out all the payments, by installments, including the payment of the note held by the savings society, that were required to be made by plaintiff until the full purchase price should have been paid. The clause quoted from the deed in escrow, viewed by the light of said option, simply and plainly means that the plaintiff bought the property from the defendants subject to the right of the savings and loan society to enforce the collection of its note executed to it by the defendants by the sale of the property, if necessary, and, if the insured portion of the property was destroyed by fire before the payment of the note, by the application of the money derived from the insurance company on said policy to the indebtedness. There must be, of course, some competent evidence clearly showing that plaintiff assumed the indebtedness of defendants to the savings society, and it may be that, had the contract of sale been evidenced only by the deed in escrow, no other writing as to the terms of the sale having been made by the parties, the mere language of the clause of

said deed 'subject to a certain deed of trust,' etc., might be
held to be insufficient to bind the plaintiff to the payment of
the debt secured by the deed of trust. But such is not the
case here. As seen, the writings constituting the transaction
by which the sale of the property was consummated very
clearly and unequivocally show that the plaintiff, as a part
of the consideration or purchase price, assumed the indebted-
ness of defendants to the savings society." The opinion also
contains this language: "The policy here, as has been seen,
was by its own terms, and under the agreement between said
society and the defendants, made payable, in case of the
destruction of the building by fire, to the savings society, for
the sole purpose of extinguishing or reducing a debt which
the plaintiff, under her agreement with defendants and with
the knowledge and consent of the creditor, had assumed and
agreed to pay. She was, as declared, the equitable owner of
the property and in possession thereof. . . . In brief, it was
her property until her equitable title was defeated by the non-
performance of the conditions upon which she purchased
it." It is argued that the doctrine of *res adjudicata* may
not be applied here because in the suit to quiet title Mr.
Young was not seeking to establish the indebtedness of Mrs.
Kaufman to him but merely a lien on the property for money
owed to him. But the prayer of his complaint was in part
that he should be adjudged the owner of and entitled to all
sums of money paid upon, under or in pursuance of the
contract between him and Mrs. Kaufman. It was pertinent
there as it is here to determine whether Mr. Young or Mrs.
Kaufman was entitled to the insurance money. It makes
no difference that the relief sought in the former case was
in some measure different from that demanded in this action.
If the former litigation was substantially the same cause of
action, the judgment therein is a bar to recovery in this
suit. (*Krzepicki* v. *Krzepicki,* 167 Cal. 449–452, [140 Pac.
13]; *Suisun Lumber Co.* v. *Fairfield School District,* 19 Cal.
App. 587–594, [127 Pac. 349].) We are of the opinion
therefore, that the judgment in the action to quiet title is
*res adjudicata* against plaintiff as to two thousand five hun-
dred dollars of the amount to which he asserts he is entitled;
and also as to the *status* of Mrs. Kaufman, who had assumed
the indebtedness of Mr. Young and stood in his place with
reference to the savings and loan society.

The matter of the payment of the one thousand one hundred dollars to the savings and loan society presents a different aspect. The district court of appeal held that such payment was purely voluntary, as we are bound to hold under the findings in this case, but Mr. Young and his wife were denied a lien because they had refused a tender of the full amount. The court, however, expressly refrained from deciding whether or not the vendee might be compelled to respond in another action, using this language:

"If it may transpire, although we have no occasion to so declare here, that the defendants have lost any legal remedy to which they might have resorted for the recovery of any just claim they may have against plaintiff, by reason of the payment by them of the balance remaining unpaid on the note which she promised to pay, the fault lies with defendants themselves. They forfeited their chance or opportunity to be reimbursed for said payment by their refusal to accept reimbursement tendered to them by plaintiff before this action was instituted. Neither law nor equity can have much, if any, patience with a litigant, appealing for the assistance of either, who has deliberately refused an amicable tender of the right to which he subsequently asks the courts to restore him; and particularly should this view prevail where the refusal was, as was evidently the fact in the case at bar, prompted by no other motive than to secure more, manifestly, than was justly, equitably and in good conscience such litigant's due." Appellant reminds us that his contract called for payment by the vendee of twenty dollars a month with interest. This action was commenced December 29, 1911, and he concedes that all installments due before December 29, 1907, are barred. There were twenty-three such installments, but eight were paid. He insists, therefore, that the statute of limitations applies to fifteen installments but that the rest should be enforced. He is in error. As we have seen, he is estopped by the former judgment from asserting that the purchase price of the property was payable to him independently of his agreement with the savings and loan society. Mrs. Kaufman was substituted for him as debtor in that transaction. The indebtedness of plaintiff, which Mrs. Kaufman promised to pay, fell due on February 1, 1906. The payment of the proceeds of the policy and plaintiff's voluntary liquidation of the remaining indebted-

ness both occurred in September, 1906. The only theory upon which plaintiff may assert a cause of action for the one thousand one hundred dollars is that he paid a debt which she owed or was equitably bound to pay. From the date of that payment the statute of limitations began to run and more than five years elapsed between the payment of the residue of the debt to the savings and loan society and the commencement of this action. In her answer defendant set up the bar of subdivision 1 of section 337 of the Code of Civil Procedure, and of subdivision 1 of section 339 of the same code. It is immaterial whether the period of two years or of four years is applicable. The bar of the statute is complete.

The judgment and order are affirmed.

Henshaw, J., and Lorigan, J., concurred.