[Civ. No. 10370. First Appellate District, Division One.—August 25, 1937.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. PATRICK McLAUGHLIN et al., Appellants.

Wyckoff, Gardner & Parker and Garth V. Lacey for Appellants.

Keyes & Erskine and Rosendale, Scott & Thomas for Respondent.

THE COURT.—This is an appeal by defendants from a judgment in favor of the plaintiff, adjudging to it restitution of certain real property in the possession of certain of the defendants, the action being one in unlawful detainer. The plaintiff was also awarded damages for its detention.

The defendants make several contentions in support of their appeal; but in view of the conclusion we have reached upon one of them, namely, that the present action is barred by a previous adjudication between the parties, it will be unnecessary to consider the others.

The plaintiff averred in its complaint that it was the owner of the premises and entitled to their immediate possession; that the tenancy of the defendants had expired; that a 30-day notice to quit had been served upon them without result, followed by one of three days, which proved equally fruitless.

By their answer, supplemental answer and amended and supplemental answer the defendants denied that the plaintiff was the owner or entitled to the possession of the premises; and averred that their possession and occupancy was and had been under a 7-year oral lease entered into between plaintiff and defendants on December 1, 1931. In a separate defense they proceeded to amplify this averment and show that they were formerly the owners of the real property, and had borrowed from the plaintiff a sum of money secured by a deed of trust thereon; that they being in default in the payment of their indebtedness, the plaintiff proceeded under the provisions of the deed to sell the premises; that it bought them in at the sale and in due course received a deed therefor from the trustee; that during the pendency of the proceeding for said sale the plaintiff, for a valuable consideration, entered into an oral agreement with said defendants, by which it leased to them the premises for a period of seven years, with the understanding that the terms thereof would in due course be reduced to writing; that under and by virtue thereof said defendants remained in possession and proceeded to farm the land and carry out in all respects the terms of the lease; that the plaintiff subsequently failed and refused to execute the promised written lease, but that it is estopped to set up

that provision of the statute of frauds making a lease of land for a longer period than one year invalid in the absence of a memorandum thereof signed by the party to be charged; that the plaintiff had prior to the commencement of the present suit brought a similar action in unlawful detainer against the defendants, in which it set up the same title and right to possession which are here pleaded; that the defendants in their answer thereto made precisely the same defense as they here advance; that a trial thereon was duly had before a jury, which rendered a verdict in their favor, and that judgment thereon was entered, which judgment, it is averred, "has become final and that it constitutes a bar to and estops plaintiff from prosecuting this action".

The present suit was tried before the court, which filed written findings of fact; and it is therein found that the defendants pleaded in the former action that they were tenants of the plaintiff under the alleged lease in practically, if not precisely, the same language as in the present one.

We are not here concerned with the question whether the verdict of the jury in the former action was correct. If the same evidence, or evidence substantially the same, was presented therein as in the trial of the present suit we are inclined to doubt it if thereby they intended to determine that the lease was valid for more than one year; but that question is foreclosed by the judgment therein entered.

The principle invoked by the defendants that the former judgment is a bar to the present action is thus stated in the article on Judgments in volume 34, Corpus Juris, section 1154, page 743: "The judgment or decree of a court of competent jurisdiction upon the merits concludes the parties and their privies to the litigation, and constitutes a bar to a new action or suit involving the same cause of action, either before the same or any other tribunal;" and among the many decisions cited in support of the doctrine thus formulated are the following from the Supreme Court of this state: *Krzepicki* v. *Krzepicki*, 167 Cal. 449 [140 Pac. 13]; *South San Bernardino Land & Imp. Co.* v. *San Bernardino Nat. Bank*, 127 Cal. 245 [59 Pac. 699]; *Keech* v. *Beatty*, 127 Cal. 177 [59 Pac. 837]; *Chase* v. *Swain*, 9 Cal. 130, followed by decisions of this court in *Leaver* v. *Smith*, 47 Cal. App. 474 [190 Pac. 1050]; *O'Brien* v. *Reardon*, 29 Cal. App. 703 [155 Pac. 534].

The principle goes even farther. "The rule is often stated in general terms that a judgment is conclusive not only upon the questions actually decided and determined, but upon all matters which might have been litigated and decided in that suit." (34 Cor. Jur., Judgments, sec. 1322, p. 909, citing the following cases from this jurisdiction: *Reynolds* v. *Churchill Co.*, 187 Cal. 543 [202 Pac. 865]; *Connor* v. *Bakersfield Bank*, 183 Cal. 199 [190 Pac. 801]; *Erving* v. *Jas. H. Goodman & Co. Bank*, 171 Cal. 559 [153 Pac. 945]; *Allen* v. *Allen*, 159 Cal. 197 [113 Pac. 160]; *In re Bell's Estate*, 153 Cal. 331 [95 Pac. 372]; *Crew* v. *Pratt*, 119 Cal. 139 [51 Pac. 38], and others.)

It is said that the rule is founded upon two considerations: One, public policy and necessity, which makes it to the interest of the state that there should be an end to litigation; the other, the hardship on the individual that he should be vexed twice for the same cause. "The doctrine treats the final determination of the action as speaking the infallible truth as to the rights of the parties as to the entire subject of the controversy, and such controversy and every part of it must stand irrevocably closed by such determination. The sum and substance of the whole doctrine is that a matter once judically decided is finally decided." (Id., sec. 1154, p. 743; *Giuffre* v. *Lauricella*, 25 Cal. App. 422 [143 Pac. 1061].)

The record in the present case establishes that the plaintiff's cause of action against the defendants is precisely the same in each suit, namely, the right to immediate possession of the land involved by virtue of its ownership thereof; and that the same defenses are set up by the defendants in their answer in each suit, namely, first, denial of such ownership, and second, the right on their part to possession by virtue of a 7-year oral lease the invalidity of which the plaintiff is estopped to assert, the facts and circumstances creating such estoppel being set forth.

The respondent calls attention to a limitation of this rule of *res judicata*, namely, that it extends only to the facts and conditions as they existed at the time the judgment was rendered, or more correctly speaking, at the time the issues in the first action were made, and to the legal rights and relations of the parties as fixed by the facts determined by that judgment; and when new facts or conditions intervene before the second suit, furnishing a new basis for the claims

and defenses of the parties respectively, the issues are no longer the same, and hence the former judgment cannot be pleaded in bar of the second action. (34 Cor. Jur., Judgments, sec. 1228, p. 808.) But the change of facts will not affect the estoppel if no new element is introduced, and the legal rights and relations of the parties remain as before. (Id., p. 810; *Montgomery* v. *Harrington,* 58 Cal. 270; *Young* v. *Kaufman,* 172 Cal. 546 [157 Pac. 1007].) ▮ The only new fact suggested by the respondent as appearing in the second suit is the service subsequent to the determination of the first of the 30-day and 3-day notices to quit heretofore referred to. However, the service of these notices created no change in the legal rights and relations of the parties. The plaintiff thereby merely sought to ignore the effect of the judgment obtained by the defendants, and, without any allegations that the tenancy adjudicated thereby had for any legal reason been terminated or the terms thereof breached by the defendants, treat them as not possessed of those rights secured to them by that judgment. The service of these notices was based upon the theory entertained by the plaintiff that the defendants were mere tenants at will because occupying, as it claims, under an invalid lease—the precise claim decided against it in the former suit.

▮ In the trial of the present action the court admitted evidence for the purpose of proving that the jury in the first suit by its general verdict actually found that the 7-year oral lease was valid and that the plaintiff was estopped to plead its invalidity because not in writing. This evidence was admitted against the plaintiff's objection. It here contends that the ruling was erroneous; but this not being the respondent's appeal it is not in a position to question the correctness of the ruling. (*Estate of Olmsted,* 122 Cal. 224 [54 Pac. 745].)

▮ It is perhaps necessary here to point out the distinction between the effect of pleading a former judgment in bar, and pleading it by way of estoppel. The first plea is available where the suit is upon the same cause of action; and its effect is much more extensive than the plea of estoppel, since it is a complete bar to the second action regardless of what may or may not have been presented in support or defense of the claim in the prior action. (*Horton* v. *Goodenough,* 184 Cal. 451 [194 Pac. 34]; *Erving* v. *Jas. H. Goodman & Co. Bank, supra; Wheeler* v. *Eldred,* 137 Cal. 37 [69

Pac. 619]; *Wolverton* v. *Baker,* 98 Cal. 628 [33 Pac. 731]);
whereas to support a plea of estoppel by judgment, while it is
available in a subsequent suit upon a different cause of action
as to any particular fact there in issue which was adjudi-
cated in the first action (*Horton* v. *Goodenough, supra;
Koehler* v. *Holt Mfg. Co.,* 146 Cal. 335 [80 Pac. 73]; *Lillis*
v. *Emigrant Ditch Co.,* 95 Cal. 553 [30 Pac. 1108]; 15 Cal.
Jur., Judgments, sec. 189, p. 136), it must be made to appear
either upon the face of the record or by extrinsic evidence
that the identical question involved in the issue to be tried
was determined in the former action. (*Beronio* v. *Ventura
County Lumber Co.,* 129 Cal. 232 [61 Pac. 958, 79 Am. St.
Rep. 118]; *People* v. *Bailey,* 30 Cal. App. 581 [158 Pac. 1036];
Reed* v. *Cross,* 116 Cal. 473 [48 Pac. 491]; *In re Clark's
Estate,* 190 Cal. 354 [212 Pac. 622]; *Green* v. *Thornton,* 130
Cal. 482 [62 Pac. 750].)

The evidence above adverted to being admitted it
showed that the verdict of the jury in the former case was in
fact based upon a finding by them that the 7-year oral lease
was valid by reason of the facts pleaded and proved therein
as an estoppel. This evidence consisted of the testimony of
nine of the jurors who participated in the first trial—the
other three not being called because unavailable. These jurors
were rather hazy about the issues submitted to them on that
trial, but they were clear and positive about one thing, which
was that the defendants had surrendered at the request of
the plaintiff valuable rights upon its assurance that they
would be given a written lease for a term of seven years of
the premises here involved. This evidence left no doubt that
the jury determined this issue in defendants' favor. That
period had not yet expired when the present action was com-
menced; and we see no escape from the conclusion that
whether or not the first judgment was a correct determina-
tion of the rights of the parties, they are all, in view of its
finality, equally bound by it.

We conclude that the finding of the trial court against the
plea in bar was erroneous. The judgment is therefore re-
versed and the cause remanded to the superior court, with
direction to enter judgment in favor of the defendants.

A petition by respondent to have the cause heard in the
Supreme Court, after judgment in the District Court of Ap-

peal, was denied by the Supreme Court on October 21, 1937, and the following opinion then rendered thereon:

THE COURT.—The petition is denied. In denying the petition we are not to be understood as approving what is said in the opinion respecting the admissibility of the testimony of the jurors as to the reasons upon which they based their verdict.